9906

REYNOLDS v. STOCKMAN.

(95 S. E. 341.)

1. CONTRACTS—CONSTRUCTION.—Effect must be given to every word and clause in a contract if it can be done consistently with a reasonable construction.

2. LOGS AND LOGGING—CONTRACT TO CUT "ALL" TIMBER—LICENSE.—A contract to allow another to cut "all" timber on certain land measuring six inches in diameter does not obligate the purchaser to cut all such timber.

3. CONTRACTS—CONSTRUCTION—IMPLIED OBLIGATIONS.—An obligation will only be implied from a contract where the implication is plain or circumstances show such was the intention; one of the tests being as to whether the obligation would have been written in express terms if brought to the attention of the parties at the time of the execution of the contract.

Before BOWMAN, J., Greenwood, Fall term, 1916. Affirmed.

Action by Daisy B. Reynolds, administratrix of the estate of J. B. Reynolds, deceased, against J. P. Stockman. Judgment for defendant, and plaintiff appeals.

*Messrs. Tillman & Mays,* for appellant, cite: *As to the construction of contracts of sale of standing timber:* 25 Cyc., p. 1549; 9 Cyc. 583-587.

*Messrs. Grier, Park & Nicholson,* for respondent, cite: *As to construction of contract:* 34 S. C. 92; 98 S. C. 226.

February 14, 1918.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiff brought this action, as administratrix of the estate of J. B. Reynolds, to recover damages for alleged breach of contract. On July 5, 1913, J. B. Reynolds, being the owner of a tract of land, which was covered by certain mortgages which had been put into the hands of attorneys for collection, entered into the following written agreement with the defendant and the attorneys representing the mortgage creditors:

"First. The said J. B. Reynolds hereby agrees to allow the said J. P. Stockman to go on his plantation in Greenwood county, containing about five hundred and ninety-five acres of land, more or less (describing it), and cut and saw all timber thereon, measuring six inches in diameter, and for the purpose of cutting and sawing the said timber the said J. P. Stockman shall have the right to go on the said premises and pass over and through the lands of the said J. B. Reynolds at any point or points convenient to the said J. P. Stockman.

"Second. The said J. P. Stockman shall pay for the said timber when cut the sum of one dollar per thousand and the payments shall be made to Grier, Park & Nicholson for the purpose of applying the same to the mortgage debt of Scottish-American Mortgage Co. to the amount of one thousand dollars, after which time it shall be applied to the payment of the mortgage debt of Mrs. Ida V. Klugh until the same has been paid in full, and the balance, if any, shall then be applied to the mortgage of the Scottish-American Mortgage Co. until that has been paid in full.

"Third. It is further agreed by and between the said parties that on the 28th day of January, 1914, if the mortgage debt of Mrs. Ida V. Klugh has not been paid as hereinabove provided, the said J. P. Stockman shall pay the same and said mortgage shall be transferred and assigned to him.

8—109.

"Fourth. It is further provided by and between the said parties that pending the cutting of the said timber the said mortgage creditors will not foreclose their mortgages, but will hold the same open for a period of one year from this date, provided, however, the said J. P. Stockman shall pay at least the sum of five hundred dollars on or before the 1st day of October, 1913, and an additional sum of five hundred dollars on or before the 1st day of March, 1914. In the event the said mortgage is foreclosed the said J. P. Stockman shall have the right to pay one dollar per thousand for the lumber on the said lands and remove the same therefrom."

On January 7, 1914, defendant indorsed upon the agreement the following:

"For valuable consideration I hereby agree to complete my lumber contract with J. B. Reynolds by June 1, 1915, as provided in the within contract.

"Witness may hand and seal this 7th day of January, 1914. J. P. Stockman. (L. S.)"

Plaintiff alleges that the mortgage debts have been paid, and that the mortgage creditors have no further interest in the matter; that defendant breached the contract, in that he failed to cut and saw and pay for all the timber on the land, there having been left thereon timber enough to make $1,000 worth of lumber; that, after making the contract, Reynolds conveyed the land, and the timber left thereon by defendant is a total loss to his estate. Reynolds died on January 23, 1914.

The Circuit Court construed the contract as a license to defendant to cut all the timber on the tract measuring six inches in diameter, but as not requiring him to cut it all, and directed a verdict for defendant. Appellant questions this construction, and contends that defendant was obliged by the agreement to cut and pay for all timber on the tract of the dimensions specified. She bases her contention chiefly upon the use of the word "all" in the

first paragraph of the agreement, and insists that no other construction is tenable, if any force and effect is given to that word. To be sure, in construing a contract, effect must be given to every word and clause in it, if it can be done consistently with a reasonable construction. But, in the construction given, the word is given effect as descriptive of the kind of timber that was to be cut; that is, all timber measuring six inches in diameter, and as excluding all timber under that size. The intention is clearly expressed that defendant was allowed to cut all timber of the size stated. But we look in vain for any provision of the agreement which expressly obligates him to cut all the timber of that size. Therefore, if he was bound to do so, the obligation must be implied.

Now, while it is true that an obligation may sometimes be implied from the contract as a whole or from the circumstances, and where the implication is necessary or is plain, it becomes as much a part of the contract as if it had been expressed; on the other hand, where it is not necessary to a fair and reasonable construction of the contract, or when it is not reasonably plain and clear that it was the intention of the parties, it ought not to be made a part of the contract by construction, for thereby the Court might write into the contract an obligation which the parties did not intend. The doctrine of implied obligations should be applied with caution; otherwise, the Courts would impose obligations not intended by the parties. 6 R. G. L., p. 856, sec. 244.

Taking into consideration all the provisions of the contract, the situation of the parties and the circumstances, the apparent purpose or object of making the contract, to wit, to pay, or to pay at least in part, the mortgage debts, and the fact that they have been paid, the Court could not have said that the implication was necessary, or even reasonably certain, that the parties intended that defendant should be bound to cut all the timber of the dimension specified; that he was to pay for the timber, "when cut," and at a specified

price per thousand feet; that the mortgage creditors were to suspend foreclosure of their mortgages for a limited time with no other provision in the contract, safeguarding his right to the timber, if he was bound to pay for it, than the provision that he should have the right to remove such lumber as had been cut at the time of foreclosure—all militate against the implication contended for by appellant. It cannot be said, with reasonable certainty, that, if the question had been brought to the attention of the parties at the time of making the contract, that which the Court is asked to write into it by construction would have been written into it in express terms. That is one of the tests to be applied in raising obligations by implication.

Judgment affirmed.

MESSRS. CHIEF JUSTICE GARY and JUSTICE GAGE concur.

MR. JUSTICE WATTS, *dissenting.* I am constrained to dissent to the opinion of Mr. Justice Hydrick. The contract in question required the respondent to cut all timber of the specified size. To hold otherwise and allow the respondent to pick, select and cull out the best and leave the other would be inequitable and unjust, and do something that was not contemplated by the parties to the contract; would be one-sided and wanting in mutuality, and work a hardship to the appellant and give the respondent an unfair advantage that never was intended or thought of when contract was entered into.

I think the judgment should be reversed.

MR. JUSTICE FRASER. I concur with MR. JUSTICE WATTS for the additional reason that the agreement of the defendant is inconsistent with a mere license.