## 8011

### TAGGART v. TAGGART.

EVIDENCE—HEARSAY—MORAL MARRIAGES.—Hearsay evidence is admissible to prove marriage, pedigree, etc. Here the consideration of all the evidence does not make a preponderance in favor of a moral marriage between former slaves.

Before SHIPP, J., Abbeville, September, 1910. Affirmed.

Action by Bessie Taggart *et al.* against Reese Taggart. Defendant and plaintiff, Lonnie Sailes, appeal.

*Mr. E. L. Richardson,* for Lonnie Sailes, cites: *Hearsay evidence is competent to prove marriage, etc.:* 2 Brev. 461; 3 Pet. 621; Wig., sec. 1481. *Proof here establishes marriage:* 33 S. C. 82; 10 S. C. 503; Wig., secs. 2083. *Proof of legitimacy:* Wig. 1492; 78 S. C. 211.

· *Mr. Wm. P. Greene,* for defendant, cites: *This appellant has performed his part of the contract and statute of frauds does not apply:* 59 S. C. 395; 57 S. C. 575; 29 S. C. 78; 57 S. C. 559. *Lonnie Sailes must show she was the issue of a moral marriage:* 77 S. C. 232; 61 S. C. 416.

*Mr. Wm. N. Graydon,* contra, cites: *To enforce contract for sale of land there must be some memoranda in writing:* 22 S. C. 454. *The contract must be clear and convincing:* 27 S. C. 363; 73 S. C. 155.

September 11, 1911.    The opinion of the Court was delivered by

Mr. Justice Hydrick.    This action was brought to partition a tract of land, owned by Wash Taggart, deceased, among his heirs.    The defendant, Reese Taggart, claims to be the sole owner of the land under an agreement, which he alleges his father made with him, whereby his father agreed to devise the land to him, subject to the support of his mother for life, if he would live with him and help him pay for it, which he alleges he did.    The only other question is whether Lonnie Sailes is an heir of Wash Taggart.    She is the daughter of Tom Taggart, deceased, who, it is alleged, was the son of Wash Taggart by Caroline Foster.    Whether Tom was the legitimate son of Wash and Caroline depends upon whether there was a moral marriage between them during slavery time, and whether Wash recognized Tom as his son after the passage of the act of 1865.    *Watson* v. *Ellerbe*, 77 S. C. 232, 57 S. E. 855.

The master, to whom the issues of law and fact were referred, reported that the defendant Reese Taggart had failed to establish the agreement under which he claims the land; and that the evidence failed to establish a moral marriage between Wash and Caroline previous to the birth of Tom.    He therefore recommended that the land be partitioned between the plaintiffs, except Lonnie Sailes, and the defendant Reese Taggart.    This report was confirmed by the Circuit Court.

The exceptions of Lonnie Sailes and Reese Taggart, which raise questions of fact are overruled.    A careful consideration of the evidence fails to convince us that the preponderance of it is against the findings of the Circuit Court.

One of the exceptions of Lonnie Sailes raises a question of law, to wit, that the Court erred in excluding certain testimony as hearsay.    The part of the decree upon which this exception is based reads as follows: "Certainly the testi-

mony of Mary H. Taggart taken at the last reference, eliminating the part thereof founded upon hearsay, is not sufficient to establish a moral marriage." Appellant contends that hearsay, that is, reputation, is competent to prove marriage, pedigree, etc. It does not appear that the Circuit Court held otherwise. It cannot be said from the sentence above quoted from the decree just what part of the testimony of Mary H. Taggart the Circuit Court eliminated as hearsay. But there was a part of her testimony which was inadmissible, even under the exception to the rule against hearsay evidence, under which that kind of evidence is admitted to prove marriage, pedigree, etc. We must assume, therefore, that the Court excluded only what was inadmissible. But even if all her testimony is admitted, we cannot say that, when its own inconsistencies are considered, and when it is taken in connection with the other testimony in the case, it makes the evidence preponderate in favor of a moral marriage between Wash and Caroline before the birth of Tom.

Affirmed.