9658

MIMS *ET AL.* v. JONES *ET AL.*

(91 S. E. 987.)

1. SLAVES—CHILDREN OF SLAVES—LEGITIMACY—STATUTES—CONSTRUCTION. —Under the Enabling Act of December 21, 1865 (13 St. at Large, p. 291), as to legitimacy of children born to slave parents who sustained marriage relations, where the evidence showed that the deceased ex-slave at the time of the passing of such act lived in the marriage relation with plaintiff, and that three children were born to them, the wife and children took an interest in the estate of such ex-slave; and were entitled to partition.

2. SLAVES—CHILDREN OF SLAVES—LEGITIMACY—STATUTES—CONSTRUCTION. —Such interest vested on the passage of the act.

3. SLAVES—MARRIAGES—VALIDITY.—Where, on passage of Enabling Act (13 St. at Large, p. 291), a slave was living in the marriage relation with a slave woman, he could not thereafter contract a valid marriage with another woman while the first wife lived.

6—107.

| Exceptions. | [ 107 S. C. |
|---|---|

4. PLEADING—AMENDMENT—TRIAL AMENDMENT—DISCRETION OF COURT. —A motion to amend is always in the sound discretion of the Court.

5. PLEADING—AMENDMENT OF ANSWER—To CONFORM TO PROOF.—Where the only testimony of the transaction relied on by defendant was her own, which was objected to as incompetent, and which was at least unsatisfactory, leave first asked on hearing of the master's report to amend the answer to conform thereto was properly refused.

Before MAULDIN, J., Greenville, Summer term, 1916. Affirmed.

Suit by Phyllis Mims and others against Sarah Ann Jones and others. Decree for plaintiffs, and Sarah Ann Jones appeals.

The cause was heard by the Circuit Judge on the following exceptions taken by plaintiffs to the master's report:

1. The said master erred in holding and reporting that the plaintiff, Phyllis Mims, had no interest in the premises herein sought to be partitioned; whereas, he should have held that under the testimony the said Phyllis Mims and the said Newton Jones under the terms of the act of 1865 (13 St. at Large, p. 291) were husband and wife, and that the said Phyllis Mims was the lawful widow of the said Newton Jones, and as such was entitled to one-third interest in said lands.

2. Because the clear weight of the testimony showed that the said Phyllis Mims and the said Newton Jones, former slaves, lived together as man and wife before emancipation, were so living when the act of 1865 was passed, and continued so to live until after the youngest child of the said Phyllis Mims, to wit, Emma Jones, was born; the master,

FOOTNOTE.—As to proof of slave marriages and legitimacy of their children under the South Carolina statutes, see *Davenport* v. *Caldwell,* 10 S. C. 317; *Callahan* v. *Callahan,* 36 S. C. 454, 15 S. E. 454; *Taggart* v. *Taggart,* 89 S. C. 490, 71 S. E. 1081; *Watson* v. *Ellerbe,* 77 S. C. 232, 57 S. E. 855; *Robertson* v. *McCauley,* 61 S. C. 416, 39 S. E. 570; *State* v. *Whaley,* 10 S. C. 500; *Clement* v. *Riley,* 33 S. C. 66, 11 S. E. 699; *Knox* v. *Moore,* 41 S. C. 355, 19 S. E. 683; *Childs* v. *Childs,* 93 S. C. 427, 77 S. E. 50; *Cave* v. *Cave,* 101 S. C. 40, 85 S. E. 244.

therefore, erred in holding that the said Phyllis Mims was entitled to no interest in this land.

3. Because the master having properly found and reported that the said Phyllis Mims and the said Newton Jones before emancipation occupied the relation to each other as man and wife, and that the plaintiffs, Riley Mims, Anna Jackson and Emma Jones, were the issue of this relation, and that said children were acknowledged by the said Newton Jones as his legitimate children and entitled to inherit from him as such, it is respectfully submitted that the said master erred in holding and deciding that the said Phyllis Mims had no interest in this land; whereas, he should have held that the said Phyllis Mims was the lawful widow of the said Newton Jones and entitled to inherit from him as such.

4. It is further submitted that the said master erred in deciding and reporting that although the relation of husband and wife between the said Phyllis Mims and the said Newton Jones was established under the act of 1865, yet because the said Newton Jones never made the selection and complied with the conditions of section 3 of the act of 1865, that therefore the marriage relation which existed between them was rendered null and void; whereas, he should have held that said provision of said act of 1865 had no application to this case because when the said act of 1865 was passed no other person except the plaintiff, Phyllis Mims, claimed to be the wife of the said Newton Jones, and no other person except the said Newton Jones claimed to be the husband of the said Phyllis Mims.

5. Because the said master erred in holding and reporting that there was some testimony to the effect that at some time the said Newton Jones had relations with at least two other slaves in a somewhat similar manner to his relation with the said Phyllis Mims, and that he recognized the issue of those relations of his the same as he recognized the issue of Phyllis Mims; whereas, he should have held that there was no testimony whatever to the effect that the said New-

ton Jones ever lived with any other woman as his wife until after the passage of the act of 1872 (15 St. at Large, p. 183), and that there is no competent evidence that he ever recognized any others as his children except the plaintiff, Riley Mims, Anna Jackson and Emma Jones.

6. Because the relation of husband and wife having been established by the testimony between the said Phyllis Mims and the said Newton Jones, the right and interests of the said Phyllis Mims as such wife were vested, and conferred upon her all the rights vouchsafed under the law to all married women; said master, therefore, erred in deciding and reporting that the said marriage had been rendered void for the reasons stated by him.

7. The said master further erred in holding and reporting that the defendant, Sarah Ann Jones, was entitled to be reimbursed for the money alleged to have been paid by her on a mortgage given by the said Newton Jones to the Mutual Loan Fund of Greenville, S. C., for the following reasons: (a) No such claim was ever raised by the pleadings. (b) The only testimony offered to sustain said claim was that of the said defendant, Sarah Ann Jones, and such testimony was incompetent and should have been excluded under section 438, vol. II, of the Code of 1912, said testimony being as to a transaction between the deceased, Newton Jones, and said witness who was a party to the action and interested in the result. (c) The said testimony of the said witness was vague, indefinite, and uncertain, and did not specify what payments she had made, when she had made them, and the amount thereof.

8. That said master erred in holding and reporting that the said Sarah Ann Jones and the said Newton Jones were legally married and living together as husband and wife until the death of the said Newton Jones, and that Sarah Ann Jones was, therefore, the lawful widow of the said Newton Jones, and as such entitled to a one-third interest in this land; whereas, he should have held that at the time of

the alleged marriage between the said Sarah Ann Jones and the said Newton Jones, the plaintiff, Phyllis Mims, his lawful wife, was alive, and that said marriage between the said Newton Jones and the said Sarah Ann Jones was null and void, and that the said Sarah Ann Jones has no interest in this land.

The decree of the Circuit Court is as follows:

This is an action brought by the plaintiffs against the defendants to partition a certain lot of land situate in the city of Greenville, county and State aforesaid, which belonged to Newton Jones, now deceased, at the time of his death, the said Newton Jones having died intestate on or about the 29th day of July, 1912; and to have the interests of the plaintiffs and defendants ascertained and determined.

The contention of the plaintiffs, as set forth in their complaint, is that the plaintiff, Phyllis Mims, and the said Newton Jones, were both slaves and lived together as man and wife for several years previous to emancipation, and were so living in December, 1865, when the act of the legislature, commonly called the "Enabling Act," was passed, and continued so to live for a long time thereafter, and that the plaintiffs, Riley Mims, Anna Jackson and Emma Jones, were their legitimate children, and that, as such, they with their mother, Phyllis, are the sole heirs at law of the said Newton Jones and entitled to the whole of the land herein sought to be partitioned. The defendant, Sarah Ann Jones, in answer claims that she is the lawful widow of the said Newton Jones, and the defendants, Clarissa Seawright, John Jones, and Ellen Walker, are his brothers and sisters, and that as such they are entitled to the whole of the land in question. The defendant, Mrs. A. C. Davis, was made a party defendant by the order of the Court, and in her answer alleges that she is the owner of any interest which the defendant, John Jones, ever had in said land, he having conveyed any such interest to her.

The principal issue raised by the pleadings in the case is as to who constitute the heirs at law of the said Newton Jones, deceased, and who are entitled to the proceeds of sale of the real estate herein sought to be partitioned; and the solution of this issue involves what is commonly known as the "Enabling Act," designed to establish and regulate the domestic relations of persons of color, passed in December, 1865 (13 St. at Large, p. 291).

So much of said act as relates to this issue provides as follows:

1. "The relation of husband and wife amongst persons of color is established."

2. "Those who now live as such are declared to be husband and wife."

3. "In case of one man having two or more reputed wives, or one woman two or more reputed husbands, the man shall, by the 1st day of April next, select one of his reputed wives, or the woman one of her reputed husbands; and the ceremony of marriage, between this man or woman, and the person so selected, shall be performed."

4. "Every colored child, heretofore born, is declared to be the legitimate child of his mother, and also of his colored father, if he is acknowleged by such a father."

7. "Cohabitation, with reputation, or recognition of the parties, shall be evidence of marriage, in cases civil and criminal."

12. "The relation of parent and child, amongst persons of color, if recognized, confers all the rights and remedies, civil and criminal, and imposes all the duties that are incident thereto by law, unless the same are modified by this act, or some legislation connected herewith."

I have studied this act in connection with the act of 1872 (15 St. at Large, p. 183).

It seems that the controlling questions of fact in this case are: Did the plaintiff, Phyllis Mims, and the said Newton Jones live together as man and wife before emancipation,

and were they so living together in December, 1865, when said act was passed? And were the plaintiffs, Riley Mims, Anna Jackson and Emma Jones, their children and acknowledged to be such by them? And did the plaintiff, Phyllis Mims, have any other reputed husband living at that time, or did the said Newton Jones have any other reputed wife living at the time of the passage of the said act? By reference to the act (13 St. at Large, 291) it will be observed that the act in question was approved December 21, 1865.

By a previous order of this Court, this case was referred to the master to hear and determine all the issues of law and fact raised by the pleadings, and make his report to the Court thereon, together with leave to report any special matter. In conformity with said order the said master held references, took the testimony, and made his report to the Court. The plaintiffs and the defendant, Mrs. A. C. Davis, filed exceptions to said report, and the matter now comes before me on said exceptions to said report. The defendant, Sarah Ann Jones, files no exceptions. It has been more than half a century since the incidents constituting the main facts of this case transpired, but, from the evidence produced before the master, I have concluded that the preponderance of said testimony shows that the plaintiff, Phyllis Mims, and the said Newton Jones were slaves before emancipation, and lived together as husband and wife, and were so living at the time of the passage of the said act of December, 1865, and continued so to live for a long time thereafter; and both regarded themselves, and were regarded by their family both black and white, and by others, as man and wife; that one of their children, the plaintiff, Riley Mims, was born before emancipation, and that the other two children, the plaintiffs, Anna Jackson and Emma Jones, were born after emancipation, and while the said Phyllis Mims and the said Newton Jones occupied the relation to each other as husband and wife, that all of said children were acknowledged by them as their legitimate children; and that

the plaintiff, Phyllis Mims, had no other reputed husband at the time of the passage of said act, or at any other time; and that the said Newton Jones had no other reputed wife at the time of the passage of said act, nor for a long time thereafter, nor until their youngest child, the plaintiff, Emma Jones, was born.    By reference to the report of the master it will be seen to appear as I quote therefrom: "It is very evident from the testimony on this point (that is, as to whether Newton Jones had more than one wife) that the said Newton Jones left the community in which he had been residing certainly in the early part of 1866, if not sooner, and that some time thereafter he was living with one Vickie West in or near the city of Greenville, with whom he continued to live until she died, although the testimony shows that he continued to visit Phyllis Mims from time to time after coming to Greenville."

Now, allowing the twenty days provided by statute in which a statute takes effect, or, rather, after which it does take effect, in the absence of specific words therein fixing the time for the same to take effect (Code 1912, vol. I, sec. 39), I am persuaded that the preponderance of the testimony is to the effect that Newton Jones certainly regarded Phyllis Mims as his wife, and she regarded him as her husband at the time the aforesaid act went into effect.    The finding of the master to the effect that Newton continued to visit Phyllis "from time to time after coming to Greenville" strengthens my conviction as to this, and I think this finding is amply supported by the evidence, and carries the relationship of husband and wife, occupied by Newton and Phyllis, as found and reported by the master in his first conclusion of fact, well beyond the point of time when the act of 1865 in question went into effect.

From the above conclusion of fact, I find and conclude as matters of law, that the exceptions of the plaintiff, 1, 2, 3, 4, 5, 6 and 8, must be sustained.

Now, as to the claim of the defendant, Sarah Ann Jones,

although the said defendant in her answer set up no claim for reimbursement for moneys alleged to have been paid out by her, and although she made no motion before the master to be allowed to amend her answer in that regard, yet, under or over objections by the plaintiff, the master allowed said defendant to introduce evidence as to said claim; and although the only testimony offered was that of said defendant herself, which was objected to as incompetent under section 438 of the Code of Civil Procedure, and although the plaintiffs objected to said claim upon the further ground that, in no event was she entitled to be subrogated to the rights of the creditor whose debt she alleged she had paid, and although the testimony given by the said defendant was vague, indefinite, and uncertain, and, I might add unsatisfactory, the master overruled all objections on the part of the plaintiff, and the defendant, Mrs. A. C. Davis, and found and reported that the said defendant, Sarah Ann Jones, was entitled to be paid the amount of this claim before any division of the funds arising from the sale of the real estate. This is made the grounds of the plaintiffs' seventh exception, and was also excepted to by the defendant, Mrs. A. C. Davis. During the argument before me on the hearing of exceptions from the master's said report, the attorney for said defendant, Sarah Ann Jones, made a motion to amend his answer by alleging the facts constituting said claim.

A motion to amend is always in the sound discretion of the Court, but I think it would be unfair, or at least, in the view I take of the case, it would serve no valid purpose to allow the amendment asked for at this stage of the proceedings, and especially so since the only testimony offered by the said defendant was her own, which was objected to as incompetent, and in itself showed that she was a mere volunteer; that she was not requested by either the said Newton Jones or the said creditor to make any payments on said debt, or to be subrogated to the rights of the said creditor. Besides, if I had felt compelled to

grant the motion, I would have felt it incumbent on me to allow plaintiffs and the defendants to introduce their testimony in opposition to this claim. I think, therefore, that the master erred in admitting this testimony and allowing said defendant's claim. The motion to amend, therefore, is refused, and plaintiff's seventh exception and the exceptions of the defendant, Mrs. A. C. Davis, in reference to this claim are both sustained.

*Messrs. Ansel & Harris,* for appellant.

*Mr. A. Blythe,* for respondent.

March 28, 1917.

The opinion of the Court was delivered by Mr. CHIEF JUSTICE GARY.

For the reasons therein stated, the judgment of the Circuit Court is affirmed.