## 10020

### HAZELWOOD v. MAYES ET AL.
#### (96 S. E. 672.)

1. EVIDENCE—FAMILY HISTORY.—Death, birth, and marriage, being family history, may be proved by reputation in the family and similar testimony; such evidence being an exception to the hearsay rule.

2. EVIDENCE—RES GESTAE.—In action for land claimed to have been set off as dower, testimony of plaintiff's son as to acts of the son and the purchaser of land at sheriff's sale, the son acting as plaintiff's agent, in the matter of assertion, demand, settlement, and admeasurement of dower, held competent being part of res gestae.

3. DOWER—ACTION FOR—EVIDENCE.—In action for land alleged to have been set off as dower, the findings and acts of arbitrators or commissioners on dower agreed upon by plaintiff and purchaser of land at sheriff's sale held competent.

4. EVIDENCE—RES GESTAE—ADMISSIONS.—In action for dower, admissions of purchaser of land at sheriff's sale held competent as res gestae.

5. WITNESSES—PARTY IN INTEREST.—In action for dower, testimony of plaintiff's son as to his acts as agent for plaintiff was not objectionable as being testimony of party in interest, within Code Civ. Proc. 1912, sec. 438.

6. DOWER—NATURE OF ESTATE—RECORD.—Dower lies in admeasurement and possession thereunder, and no record is necessary.

7. EXECUTION—SALE—TITLE OF PURCHASE.—Purchaser of land at sheriff's sale under execution against a husband is estopped from denying husband's title.

8. DOWER—NATURE.—Wife's right and title to dower is found in husband's title and possession during coverture.

9. APPEAL AND ERROR — REVIEW — HARMLESS ERROR.—Court's action in making an order vacating an order previously made was harmless, where order revoked was without notice, and, if not revoked, would have been reversed on appeal.

Before SHIPP, J., Union, Spring term, 1917. Affirmed.

Action by Lucy Frances Hazelwood against Calvin Mayes and others. Judgment for plaintiff, and defendants appeal.

Following are the exceptions for purpose of appeal:

(1) Because his Honor erred in allowing the witnesses, T. H. Hazelwood and T. I. Hazelwood, to testify as to who

H. H. Hazelwood was and when he died; the error being, it is respectfully submitted, that this is hearsay evidence.

(2) Because his Honor erred in allowing the witness, T. G. Hazelwood, to testify as to what transactions he had as agent for his mother in regard to the dower in the land in question, what he said to Mr. Little, and what he did, what he said to Judge Joe Gentry and to other parties, in that it is respectfully submitted that the defendants had no notice of same, were not parties to said transactions and notice; and it is further submitted that this is error, in that it is incompetent under section 438 of the Code, and furthermore under the statute of frauds.

(3) Because his Honor erred, it is respectfully submitted, in permitting the witness, G. B. Hazelwood, to testify as to conversations had with third parties in regard to the setting off of the dower and transactions concerning same, together with conversations; the error being, it is respectfully submitted: (a) In that the defendants had no notice of said transaction of conversations and were not parties to same. (b) In that it is incompetent under section 438 of the Code. (c) In that it is incompetent under the statute of frauds.

(4) Because his Honor erred, it is respectfully submitted, in allowing the witnesses, J. C. White and Arthur Lancaster, to testify as to conversations in regard to the arbitration and allotment of dower, and what they did and said to third parties; the error being, it is respectfully submitted: (a) In that these are transactions and conversations of which the defendants had no notice or knowledge, and were not parties to same. (b) In that it is respectfully submitted that said evidence is incompetent under section 438 of the Code. (c) In that it is incompetent under the statute of frauds.

(5) Because his Honor erred, it is respectfully submitted, in overruling motion of appellants for a nonsuit: (a) In that there is no testimony to show that the appellants had any notice as to any claim of right of dower of the plaintiff to the land in question. (b) In that the said dower was not

recorded in the clerk of the Court's office for Union county, in the State of South Carolina, and there is nothing to show that the appellants had any notice whatever of the said right of dower of the plaintiff. (c) In that there is no testimony from which a reasonable inference can be drawn that the appellants lived in such place as would give them notice.

(6) Because his Honor erred, it is respectfully submitted, in charging the jury and holding as a matter of law that the plaintiff took such steps in law as to have her dower measured within the ten years, whereas, his Honor should have held that the plaintiff had not taken such steps in law in regard to the allotment of dower as would entitle plaintiff to recover against the appellant as innocent purchasers for value without notice, in that the plaintiff does not bring her action within the ten years after the death of the husband.

(7) Because his Honor erred, it is respectfully submitted, in that he charged the jury that there is no dispute about it being set off, they would have to find that it was actually set off to her; whereas, it is respectfully submitted that his Honor should have left the credibility of said testimony to the jury.

(8) Because his Honor erred in charging the jury that "the question for the jury is how much damages; that is the only question I see open for the jury; find the land for the plaintiff, with such damages as she is entitled to; it will be my duty to instruct them about the measure of damages"— the error being that the plaintiff was not entitled to any damages, in that the appellants were innocent purchasers for value without notice as to dower rights.

(9) Because it is respectfully submitted that his Honor erred in charging the jury, "I think as a matter of law the plaintiff is entitled to recover possession of this land;" and further charging the jury, "She will be entitled to such damages as she may sustain by reason of the defendants having deprived her of the possession"—it being respectfully submitted that the appellants had no notice of any claim of

dower on the part of the plaintiff to the land in question, and that the plaintiff had no record made of same after the expiration of ten years; and the appellants having purchased the land after ten years as innocent purchasers for value without notice, it is respectfully submitted that his Honor erred in holding as a matter of law that the plaintiff was entitled to recover.

(10) It is respectfully submitted that his Honor erred in charging the jury that the plaintiff was entitled to recover against the appellants damages by reason of having detained and worked the land in question, in that the appellants purchased the land ten years after the dower rights accrued, for a valuable consideration, without any notice of any dower right or claim on the part of the plaintiff.

(11) In that it is respectfully submitted that his Honor erred in signing and passing an order at chambers revoking a former order and granting a new trial, in that his Honor had no jurisdiction to pass the order bearing date February 6, 1917, at Spartanburg, S. C., at chambers.

(12) Because his Honor erred, it is respectfully submitted, in that his Honor held that a reference would be useless to the defendants, in that "the plea of purchase for value without notice can never prevail against the legal title, unless it can be brought strictly under the recording acts, and in the latter case it would not be an equitable issue, but strictly one at law; the verdict of the jury in this case settled the issue at law, and there is now no issue to be brought as the plea of purchasers for value without notice, as an equitable plea, can never prevail against the legal title; the order of reference heretofore made is, therefore, set aside and revoked"—the error being, it is respectfully submitted, to wit: (a) In that the appellants have a right as a matter of law and legal defense to set up as a bar to this action that they are innocent purchasers for value without notice, in that the appellants purchased the land in question more than ten years after the dower right accrued to the plaintiff. (b) In that

it is respectfully submitted that when a dower right accrues for more than ten years, and there is a purchase of the premises without any notice, either constructive or actual, or otherwise, to the purchaser who obtains the title, then it is respectfully submitted that this constitutes a legal and valid defense and bar to the action. (c) In that the plaintiff's failure to record her dower right and title to dower in the clerk of the Court's office within ten years after it accrued, and her further failure to have some constructive or actual notice of her right to dower or authority over the place in existence after the ten-year period of accrual of the right of dower brought to the knowledge of appellants.

*Mr. John K. Hamblin,* for appellants, cites . *As to the plea of bona fide purchaser without notice and the plea of the statute of limitations:* 28 S. C. 582-583; 17 S. C. 563; Code of 1912, vol. I, from p. 955 down to 963; Code of Procedure, sec. 125; 1 Brev. 76; 3 Brev. 246; 1 N. & McC. 85; Rice's Eq. 158; McM. Eq. 35; 2 Rich. Eq. 1. *The equitable issue should have been submitted to the master:* 12 S. C. 97; 21 S. C. 392; 105 S. C. 375; 96 S. E. 740. *His Honor had no right at chambers to revoke the order of reference:* 108 S. C., pp. 61-2-3.

*Messrs. Wallace & Barron,* for respondent, cite: *As to hearsay evidence being competent to establish facts of family history:* 4 Encyc. Evidence 50; Greenleaf on Evidence, sec. 278; 89 S. C. 490. *As to the competency of the testimony of the witness, T. G. Hazelwood:* 81 S. C. 456; 100 S. C. 375; 86 S. C. 358; 92 S. C. 180; 34 S. C. 464. *Section 438 of this Code not applicable. The assignment of dower may be parol:* 10 A. & E. Law, 2d Ed., pp. 171-172. *As to constructive notice of plaintiff's claim of dower:* 25 S. C. 339; 5 Rich. 525; 59 S. C. 222; 2 M. Con. Rep. 59; 1 Bail. 77; 2 Bail. 319; 3 Rich. 66; 5 Rich. 525; 22 S. C. 45; 24 S. C. 215; 20 S. C. 550; 22 S. C. 446; A. & E. Encyc. Law, 2d Ed., vol. X, pp. 151-152; 3 Dana (Ky.) 371: vol. I. Civ.

Code 1912, sec. 3542. *The defense of purchaser for value without notice has no application here:* 28 S. C. 58; 28 S. C. 580; 67 S. C. 389; 105 S. C. 329. *As to his Honor's order at chambers, revoking a former order referring the issue of innocent purchaser for value without notice:* Code of Procedure, sec. 375; 69 S. C. 55; 7 S. C. 71; 75 S. C. 318; 43 S. C. 314; 64 S. C. 291.

July 6, 1918.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is a suit for the purpose of recovering a tract of land alleged by the plaintiff to have been set off to her as a dower right in the land which she alleges belonged to her husband in his lifetime. The case was tried before his Honor, Judge Shipp, and a jury, at the September term of Court, 1917, for Union county. At the close of plaintiff's evidence a motion for a nonsuit was made by the defendants and overruled. His Honor practically directed a verdict in favor of plaintiff; the only question he submitted to the jury being damages, actual, for being deprived of the possession of her property by the defendants. The jury found a verdict in favor of the plaintiff for the possession of the land for the period of the life of plaintiff and for the sum of $50 damages. After entry of judgment, defendants appeal.

Exception 1 is overruled. The evidence objected to was family history, and competent, and from the facts stated the law presumes death. The members of the family were in the Civil War and not heard of for more than 50 years. Death, birth and marriage are family history, and are exceptions to the hearsay rule, and may be proved by reputation in the family and similar testimony. *Taggart v. Taggart,* 89 S. C. 490, 71 S. E. 1081.

Exception 2 is overruled. The witness testified as to the acts done by himself, and the then owner of the land, Wil-

liam Little, in the matter of assertion, demand, settlement and admeasurement of the dower of the plaintiff.

2-5 This was competent, as were the findings and acts of the arbitrators or commissioners on dower, agreed upon by the plaintiff and Little, the purchaser at sheriff's sale. The facts testified to were within the knowledge of witness, and were part of the *res gestae,* and admissions made by Little, the then owner and in possession of the land, against his interest. His Honor was also correct in overruling objection on the ground that witness was not a party in interest, and that section 438 of the Code of Civil Procedure did not apply.

Exception 3 is overruled. It is evidently taken under a misapprehension, as the record shows his Honor sustained the objection; neither does section 438 apply.

Exception 4 is overruled, for the reasons assigned in overruling exceptions 1 and 2, and for the further reason it is neither obnoxious to the statute of frauds nor section 438 of the Code.

Exception 5 is overruled. The deed from King to Hazelwood was on record in proper office. The defendants knew the wife was living, and an investigation of records in public proper offices would have informed them that the land 6, 7 had been sold under sheriff's execution and no dower renounced. Dower lies in admeasurement and possession thereunder, and no record is necessary. Where one enters into the possession of lands that are bought by him at a sheriff's sale under execution against a husband, it is the same as though the purchaser had bought directly from the husband, and the defendants, holding title through the sheriff under a sale execution against the husband, are estopped from denying the title of the husband. *Morgan v. Smith,* 25 S. C. 339. In this case there is evidence and record of sheriff's deed under execution against the husband of plaintiff. There is evidence of marriage, seisin and possession of

the husband, and, if defendants had examined records, they would have found that plaintiff had not renounced dower.

The plaintiff's right and title to dower is found in her husband's title and possession during coverture. Plaintiff's right accrued at her husband's death, and when Little consented it was allotted to her and admeasured and set off, and she was put in possession, and there was no need of record, and if defendants had been careful, and examined and traced the title they purchased, they would have been put on notice and made aware of the fact that plaintiff had not renounced her dower rights, and that her dower rights were outstanding.

Exceptions 6, 7, 8, 9 and 10 are overruled. An examination of the evidence in the record shows these exceptions are without merit, and his Honor, under the evidence and circumstances in the case, made a correct statement of the law in the case, and properly directed a verdict as far as he did.

Exceptions 11 and 12 are overruled. The plea of innocent purchaser for value without notice has no application under the facts of this case.

Judge Shipp did not have the authority by his order of February 6, 1917, at Spartanburg, to vacate the order he had made at Union, S. C., September 20th, before that time; but the order made at Union was without notice, and would have been reversed on appeal under our view, for the reasons assigned by his order last made, and we think his making the order was harmless, and in our view of the case his Honor was correct up to the time he passed the two orders, and that all the exceptions should be overruled and judgment affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES HYDRICK and FRASER concur.

MR. JUSTICE GAGE did not sit in this case.