13671

CALDWELL v. VOLUNTEER STATE LIFE INS. CO.

(170 S. E., 349)

*Messrs. Wolfe & Fort,* for appellant,

*Messrs. Dobson & Dobson,* for respondent,

July 19, 1933.

The opinion of the Court was delivered by Mr. Justice Bonham.

Thomas M. Caldwell was for many years the clerk of the court for Cherokee County. He had a policy of insurance in the Southern State Life Insurance Company of Alabama, which company on March 3, 1931, sold and transferred its business and the policies then in force to the Volunteer State Life Insurance Company of Tennessee, which company assumed the obligations of insurance then in force.

A provision of the policy on the life of Caldwell was that, if the insured died while the policy was of force, the insurer would pay to the named beneficiary, who was the wife of the insured, the sum of $5,000.00; and if during the currency of the policy, and before he reached the age of sixty years, the insured became physically and incurably disabled from disease, which rendered him permanently, continuously, and wholly prevented from engaging, not only in his usual occupation, but in any and every other occupation whatsoever, and if such disability has existed for not less than sixty days, the company would waive payment of premiums during the continuance of the disability and pay the insured $10.00 for each $1,000.00 of the face amount of the insurance, beginning six months after receipt of proof of disability.

Caldwell became mentally unsound, and his wife, Mrs. Minnis M. Caldwell, was duly appointed his committee. Demand was made by her, as such committee, upon respondent for the disability benefit provided by the policy, which demand was refused. This action was then begun the 27th day of May, 1932.

The complaint alleges that Thomas M. Caldwell, before he reached the age of sixty years, became mentally unsound, and that Mrs. Minnis M. Caldwell was appointed his committee the 21st day of May, 1932, on which date the said Caldwell was adjudged insane by the probate Court of Cherokee County. The complaint further alleges the issuance to Thomas M. Caldwell of the policy of insurance by Southern States Life Insurance Company, of date November 29, 1920, and the conditions of the policy as hereinabove set out as they relate to disability; the purchase of the assets, business, and existing policies of Southern States Life Insurance Company by the Volunteer State Life Insurance Company, and the assumption by the latter company of the payment of the obligations of the former company, which included the obligation of paying to said Caldwell the sums due to him

under said policy because of his total and permanent disability; that defendant upon demand made, denies liability, and refuses payment; that, because of the permanent and total mental and physical disability of Thomas M. Caldwell which existed continuously since April 1, 1930, the defendant is due Caldwell disability insurance of $50.00 per month beginning October 1, 1930, and inclusive of the date of the complaint, $1,000.00, for which judgment is demanded.

The defendant for answer alleges:

For a first defense, that it admits its corporate capacity as alleged; admits defendant's refusal to pay the disability insurance as claimed; and denies liability therefor. Denies all allegations of the complaint not specifically admitted.

For a second defense, admits that Southern States Life Insurance Company did on March 29, 1920, issue to Thomas M. Caldwell its policy in the amount of $5,000.00; and then sets out the conditions which relate to the disability features thereof as follows: "If, at any time during the continuance of the policy after the first premium thereon has been paid, the insured shall furnish due proof to the company before attaining the age of sixty, including an examination by a physician or physicians selected by the company, that he has become physically and incurably disabled by bodily injury (not resulting from actual or attempted violation of law on his part, nor self-inflicted), or disease, so that he is and will be thereby permanently, continuously and wholly prevented from engaging not only in his usual occupation, but also in any and every other occupation whatsoever, and from performing work of any kind for compensation of any kind whatsoever, and that such disability has existed continuously for not less than sixty days, the company will thereupon, by endorsement on the policy, waive the payment of each premium that may become payable under the policy during such disability."

That Caldwell did not comply with any of the requirements set forth, and therefore he is not entitled to any of the benefits claimed.

For a third defense, that the policy lapsed as of November 20, 1930, the said Caldwell having borrowed from Southern States Life Insurance Company the full value thereof, no part which has ever been paid; that Caldwell failed to pay the premiums due on the policy, and the interest due on the policy indebtedness; for which reasons the Southern States Life Insurance Company canceled the policy as null and void. Defendant denies all liability.

The case came on to be heard by Judge Featherstone, with a jury, at the November, 1932, term of Court for Cherokee County.

At the conclusion of plaintiff's testimony, a motion for nonsuit was made and refused; at the conclusion of all the testimony, a motion by defendant for directed verdict was made and granted.

From the order directing verdict for defendant, the judgment entered thereon and certain rulings on admissibility of evidence plaintiff appeals, upon thirteen exceptions. There are not so many questions involved. The appeal is to be determined by the answer to the question: Was Judge Featherstone justified in holding that the evidence shows that the insured "performed the usual duties relating to the office of the Clerk of Court?" Was he correct in holding that "if it should be held that he was not competent to know what he was doing the result might be that some sixty-odd title might be upset?"

The testimony touching the mental and physical condition of the insured was conflicting, and we think it should have been left to the jury to say whether the condition of the insured was such as is laid down in the adjudicated cases as the criterion of disability within the purview of the usual provisions of policies insuring against disability. Nowhere is the rule thereabout laid down more clearly than in the cases of *Berry v. Insurance Co.,* 120 S. C., 328, 113 S. E., 141; *McCutchen v. Life Insurance Co.,* 153 S. C., 401, 151 S. E., 67, and *Davis v. Life Insurance Co.,* 164 S. C., 444, 162 S. E., 429, 432.

In the *Berry case, supra,* the Court held that "these Courts, giving consideration to the object of the contract, hold that the 'total disability' contemplated by the agreement is inability to do substantially all of the material acts necessary to the prosecution of the insured's business or occupation, in substantially his customary and usual manner."

In the case of *McCutchen v. Insurance Co., supra,* this Court held: "Within policy insuring against permanent total disability from injury or disease, inability to do substantially all material acts necessary to conduct or prosecution of business or occupation in substantially the usual and customary manner constitutes 'permanent total disability,' and absolute helplessness is not necessary."

In the case of *Davis v. Metropolitan Life Insurance Co., supra,* this Court said: "It might reasonably be inferred from the testimony that the plaintiff was rendered totally and permanently unable to do the customary tasks and work for which he had been trained and upon which he depended for a living; certainly, it was clearly shown that he could not, after the injury, do, in the main, those things required in the performance of the duties of the position he had previously held with the express company. * * * It is true that the testimony shows that the plaintiff has, at times since his injury, been engaged in some light work, * * * as night watchman at the Columbia College. Still, it also shows that, with regard to the position held by him with the express company for a number of years, and which was the work that he was trained to do and upon which he depended for a living, he is totally disabled."

The respondent finds grounds for argument in the cases of *Hickman v. Aetna Life Insurance Company,* 166 S. C., 316, 164 S. E., 878—880, and *DuRant v. Aetna Life Ins. Co.,* 166 S. C., 367, 164 S. E., 881. There is no analogy between the case at bar and those cases. Here there is sharply divergent testimony on the issue whether the insured could "perform substantially all the material acts necessary to the prosecution of his business or occupation in substantially his

customary and usual manner." Whereas in the *Hickman case* the insured for a period of two years after she was declared to be totally disabled performed her usual duties in substantially her accustomed way; and in the *DuRant case* the insured performed his usual duties in substantially the same way as he was accustomed to do for eight months after he was said to be totally disabled, and until he was discharged for drunkenness. There was little controversy about the facts in either of those cases.

Did Thomas M. Caldwell perform the usual duties of the clerk's office in substantially the manner he was accustomed to do? Let it be borne in mind that in passing on a motion for nonsuit, and/or for directed verdict, the evidence must be taken in the light most favorable to the plaintiff. See *McCutchen v. Life Ins. Co., supra.*

"It is not the function of the Court in such cases to weigh the testimony, but simply to determine if there is any relevant and competent testimony adduced reasonably tending to establish the material elements in the plaintiff's cause of action. As well and concisely stated by the Court in the case of *State v. Villepigue,* 127 S. C., 393, 121 S. E., 258, 259, in such motions 'It is for the Judge to determine the existence of such evidence; the effect or force thereof is for the jury.' "

The case of *Levan v. Metropolitan Life Ins. Co.,* 138 S. C., 253, 136 S. E., 304, is authority for the holding that it should have been left for the jury to determine whether insured was totally and permanently disabled as defined in policy, and whether he was incapable of furnishing proof of such disability, and whether beneficiary gave notice with reasonable promptness were questions for the jury.

There is no merit in the exception which charges error for admitting the testimony of Miss Sutton, an employee of the company, over the objection that it was obnoxious to the provisions of Section 692, Code Civil

Procedure 1932. See 46 S. C., 133; *Hazelwood v. Mayes et al.,* 111 S. C., 23, 96 S. E., 672.

We think his Honor, the presiding Judge, was in error in holding that to hold that Thomas M. Caldwell was incompetent might upset some sixty-odd deeds which he had signed as Clerk of Court. These deeds were made for lands which the clerk had sold by order of Court and required no mental effort on his part. The uncontradicted evidence is that the deeds were prepared by the clerk's deputy, who directed Caldwell when and where to sign.

The order appealed from and the judgment entered thereon are reversed.

For obvious reasons we have not discussed the evidence, since the case must go back to the Circuit Court, to which it is remanded for retrial.

MR. CHIEF JUSTICE BLEASE and MR. JUSTICE STABLER concur.

MR. JUSTICE CARTER concurs in result.