13691

AUSTELL v. VOLUNTEER STATE LIFE INS. CO.

(170 S. E., 776)

444

*Messrs. Dobson & Dobson,* for appellant,

*Messrs. Wolfe & Fort,* for respondent,

September 13, 1933.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action, commenced in the Court of Common Pleas for Cherokee County, August 1, 1932, by the plaintiff, John Frank Austell, against the defendant, Volunteer State Life Insurance Company, was instituted for the purpose of collecting monthly disability payments of $10.00 each for a period of twenty-three months under the provision of policy No. 44511 issued by the Southern States Life Insurance Company to the plaintiff, dated September 13, 1920, in the sum of $1,000.00. The Volunteer State Life Insurance Company assumed all liability under said policy March 2, 1931. The insured, it is admitted, became disabled on or about November 12, 1928, and was allowed disability payments under said policy by the Southern States Life Insurance Company from November 12, 1928, until September 5, 1930, on which date the payments were stopped by the Volunteer Life Insurance Company, on the alleged ground that the insured "was then sufficiently improved to enable him to follow a gainful occupation and was then actually engaged in a gainful occupation at Blacksburg Airport." It further appears that at the time the insurance was issued the insured was foreman of a gang at the Virginia-Carolina Chemical Company's plant, at Blacksburg, S. C., but at the time he became disabled, in 1928, he was merchandising, as a member of Goode & Austell, at the said Town of Blacksburg, and later, September, 1930, when the disability was discontinued, he was assistant caretaker at the airport at or near said place. Thereafter, in April, 1932, the insured applied for disability benefits and filed necessary proofs. The said insurance company, after investigation, refused to allow the benefits applied for, "on account of the fact that at that time he was

employed at the Blacksburg Airport," and the suit was contested by the defendant on the ground that the insured was not entitled to the disability benefits under the policy contract for the reason that the insured was at that time engaged in an alleged gainful occupation within the meaning and under the terms of the said policy contract set up in the answer.

Issues being joined the case was tried at the November, 1932, term of said Court before Honorable C. C. Featherstone, Circuit Judge, and a jury, resulting in a verdict for the plaintiff in the sum of $230.00. From the judgment entered on the verdict the defendant has appealed to this Court.

Appellant presents a number of exceptions, but counsel for appellant state in their brief prepared for this Court that the sole issue in this appeal is "as to the proper construction of the policy contract between the parties; appellant claiming that the construction thereon, as placed by the trial Judge, was illegal, resulting in effect in the making of a new contract between the parties and impairment of the policy contract." We shall, therefore, confine our discussion to this issue.

In his charge to the jury, and throughout the trial of the case, his Honor, the trial Judge, adhered to the principle and rule stated by this Court in the recent case of *McCutchen v. Insurance Company,* 153 S. C., 401, 151 S. E., 67, and authorities therein cited, and restated by this Court in the recent cases of *Gresham v. Ætna Life Insurance Company,* 159 S. C., 326, 156 S. E., 878, and *Davis v. Metropolitan Life Insurance Company,* 164 S. C., 444, 162 S. E., 429. Because of the full discussion by this Court in those cases of the law involved in this appeal, we deem it unnecessary to enter into a discussion herein but, instead, direct attention to the opinion of this Court in the several cases above named.

Appellant contends that there is an essential difference in the wording of the contract involved in this case and the wording of the contracts before the Court in the cases men-

tioned above, and calls our attention in the case at bar to the following wording applicable to the question before us: .

"If at any time during the continuance of the policy, after the first premium thereon has been paid, the insured shall furnish due proof to the company, before attaining the age of sixty, including an examination by a physician selected by the company that he has become physically and incurably disabled by bodily injury (not resulting from actual or attempted violation of law on his part, nor self-inflicted), or disease, so that he is and will be thereby permanently, continuously and wholly prevented from engaging *not only in his usual occupation, but also in any and every other occupation whatsoever, and from performing work of any kind for compensation of any kind whatsoever,* and that such disability has existed continuously for not less than sixty days, the company will thereupon, by endorsement on the policy, waive the payment of each premium that may become payable under the policy during such disability. In making any settlement of the policy the company shall not deduct any part of any premium so waived, and the values provided in the policy under clauses 'Loans' and 'Surrender Values' shall be the same as if such premiums had been paid in cash as they became due.

"In addition to such waiver, the company will, in such case, pay to the insured a monthly income, equal to ten dollars, for each one thousand dollars of the face amount of the insurance under the policy, the first monthly payment to be made six months after receipt of said due proof of such disability accompanied by the policy for endorsement, and subsequent payments shall be made on the first day of each month thereafter during such disability. Interest due on any indebtedness under the policy may be deducted from such monthly payments." (Italics ours.)

Appellant lays special emphasis upon the wording which we have italicized. When his Honor's charge, which will be reported with the case, is considered as a whole and in con-

nection with the principle and law declared by this Court in the above-mentioned cases, it will be seen that the trial Judge did not err.

The exceptions are therefore overruled, and the judgment of the lower Court affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM concur.

MR. JUSTICE BONHAM (concurring) : This case is ruled by that of *Caldwell v. Volunteer State Life Insurance Company* (S. C.), 170 S. E., 349, the opinion in which was filed July 19, 1933.