## 13010

## PARKER v. JEFFERSON STANDARD LIFE INSURANCE CO.

(155 S. E. 617)

*Mr. Wilton H. Earle,* for appellant,

*Messrs. Haynsworth & Haynsworth,* for respondent,

October 25, 1930.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE MENDEL L. SMITH.

On the 16th day of October, 1916, the respondent issued a policy of insurance upon the life of appellant in the sum of $5,000.00, payable immediately upon due proof of the death of the insured, with total and permanent disability clauses as follows:

"Upon receipt of due proof of the total and permanent blindness or deafness of the insured * * * or that he has become wholly disabled by bodily injuries, loss of reason or disease, and will be permanently, continuously and wholly prevented thereby from pursuing any and all gainful occupations * * * the company, by endorsement in writing on this contract will, at the option of the insured, either (a) agree to pay for the insured the premiums which shall thereafter become payable during the continuance of such disablity * * * or (b) the company will grant an endowment for the face value of the policy, under which

no premiums will be required, payable in ten equal annual installments, the first installment to be paid immediately upon receipt of due proof of any such disability or incapacity."

It is not denied that on the 14th day of November, 1924, the appellant, as evidenced by a notation on the policy, secured a loan thereon in the sum of $560, which was outstanding at the time of the trial, with interest paid to date; that on the 20th day of January, 1927, appellant became totally disabled within the contemplation of the disability clause of the policy; that not until the 2nd day of April, 1929, was any "due proof" of any such disability or incapacity presented to the company as expressly required by the plain terms of the policy; that annual premiums on said policy were voluntarily paid in full for the years 1927 and 1928 without any notice or demand at those times for the intervening disability, or any act or declaration on the part of the insured indicating an intention to offer "due proof" thereof, or in any way to claim the same. Nor does anything whatever appear in the record upon which any claim of waiver could be even remotely predicated, and such doctrine is not invoked in this case in support of the action.

The contention of the appellant is that, upon filing his claim in April, 1929, he is entitled to the accumulated annual installments of $500.00 each for the years 1927, 1928, and 1929 under the endowment granted for the face value of the policy payable in ten equal annual installments and a refund of the premiums paid during the years 1927 and 1928, with interest thereon from the date of demand.

Such claim having been denied by respondent, the appellant commenced this action to recover the same on the 1st day of January, 1929. The respondent admitted the execution and delivery of the policy, and relied on the foregoing disability clause as a defense to the action. At the conclusion of the evidence, both parties submitted to the Court, the Hon. W. H. Townsend presiding, motions for directed verdicts.

The contention of the respondent was that, while admitting that the evidence showed a total and permanent disability for the three-year period within the contemplation of the provisions and conditions of ·the policy, yet, under the disability clause relied on, the *first* installment of $500.00 was only "to be paid immediately upon receipt of due proof" of the disability or incapacity; that it was admitted that such proof was not submitted until the 2nd day of April, 1929; that under the express provisions of the policy the appellant could not recover more than the first installment of $500.00, which was offset by his indebtedness to the company, as set up in an amended answer; and that the appellant was not entitled to any refund of premiums.

The presiding Judge sustained the contention of the respondent and granted its motion for a directed verdict, from which order this appeal is taken and presents the sole question as to whether, under the disability clause invoked, the notice given in April, 1929, only entitled the insured to the recovery of the *first* installment, or the three installments in a lump sum with a refund of premiums paid and interest from date of demand.

In the construction of insurance contracts, it is vitally essential that the Courts do not ignore the fact that the primary object of all insurance is to insure, and that, in cases of doubt, uncertainty, manifest ambiguity, or susceptibility of two equally reasonable interpretations, since the language used is the selection and arrangement of the insurer, such contracts must. be liberally construed in favor of the insured. *Sample v. Insurance Company,* 46 S. C., 491, 24 S. E., 334, 47 L. R. A., 696, 57 Am. St. Rep., 701; *Rawl v. Insurance Company,* 94 S. C., 299, 77 S. E., 1013, 145 L. R. A. (N. S.), 463, Ann. Cas., 1915-A, 1231; *McKendree v. Insurance Company,* 112 S. C., 335, 99 S. E., 806; *Lumber Corporation v. Boston Insurance Company,* 133 S. C., 472, 131 S. E., 22; *Bolt v. Insurance Company,* 156 S. C., 117, 152 S. E., 766.

Yet the policy of insurance represents a solemn contract where the parties legally capable of contracting, have voluntarily agreed upon their own terms and consented to their own conditions, and, in the absence of waiver or a prevention of performance by one party through the act of the other pursuant to a liberal construction in cases of doubt and ambiguity in favor of the insured, must be enforced in accordance with its plain meaning, and not violated or disregarded by the Courts. *Perkins v. Life Insurance Company*, 93 S. C., 88, 76 S. E., 29.

It is, indeed, difficult to conceive how provisions in a contract purporting to evidence the mutual intention of the contracting parties could be freer from doubt or ambiguity than those under consideration. The clause in question simply provides in plain, unmistakable language that, "upon *receipt* of due *proof*" by the company of the disability of the insured, the primary and initial act upon which a purely executory clause becomes operative, the company will, at the option of the insured, agree in writing indorsed on the policy to do one of two things, namely, to pay for the insured the premiums which shall thereafter become payable during the period of disability or will grant an endowment for the face value of the policy, under which no premiums will be required, payable in *ten equal annual installments,* the *first* to be paid immediately upon *receipt of due proof* of the disability or incapacity.

If such construction of the clause be adopted as to warrant a recovery upon the theory of the maturity of the *three* installments in April, 1929, the date of the first submission of the "due proof" of disability, then it is plain that the insured could delay his proof until the end of the endowment period, or for any period during his life, and, upon his submission of proof of his disability at any such time, would be entitled to recover all paid premiums, the entire amount of the endowment in one sum, with interest from the date of

demand. Such a view, wholly untenable, would deprive the insurer of practically every legitimate object sought by the incorporation of the clause in the contract with the express consent of the insured.

The reasonableness and validity of such notice requirements are not only recognized and sustained by the Courts *(Craig v. Insurance Company,* 80 S. C., 151, 61 S. E., 423, 18 L. R. A [N. S.], 106, 128 Am. St. Rep., 877, 15 Ann. Cas. 216), but furnish a proper administrative protection against imposition and fraud, which would be of little practical value in the notice and demand could be so long deferred as to prevent a timely and effective investigation of the claim. Such a construction as contended for would likewise render, in direct disregard of the express agreement of the parties as plain as the apt selection of words can make it, uncertain the maturity date of the *first* installment, would completely ignore the contractual plan and obligation of granting an endowment for the face value of the policy in a specific number of *"equal annual installments,"* and would require the insurer to pay in a lump sum what the parties have plainly agreed shall only be paid *annually* and in an amount each year not in excess of *one-tenth* of the *face value* of the policy.

It is therefore quite evident that the liberal principles of construction adopted and applied by the Court to contracts of insurance in this State cannot be properly invoked in support of the contention of the appellant.

The judgment of the Court is that the judgment of the Circuit Court be, and the same is hereby, affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER and CARTER concur.