13704

GARNER v. VOLUNTEER STATE LIFE INS. CO.

(171 S. E., 370)

*Messrs. Joe P. Lane* and *W. C. Moore* for appellant.

*Messrs. Gibson & Muller* for respondent,

October 23, 1933.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

The purpose of this action which was commenced in the Court of Common Pleas for Dillon County, April 15, 1932, based on a total disability clause contained in an insurance policy issued on the life of the plaintiff, is the recovery of judgment against the defendant for the sum of $1,035.60 and interest thereon, composed of the following items: $200-.00 per year from September, 1929, to the trial of the action, on account of plaintiff's disability, and the amount paid to the defendant as premium on the said policy after the plaintiff became disabled within the meaning of the provisions of the said policy. The policy involved was issued by the Southern States Life Insurance Company of Alabama, but the defendant, the Volunteer State Life Insurance Company, later assumed all obligations under the same, and the suit is, therefore, against the said the Volunteer State Life Insurance Company. In the defendant's answer, denying liability in this action, special attention is called to the following provisions of the policy under consideration:

"THE COMPANY WILL PAY TO THE INSURED Two Hundred Dollars per annum being one-tenth of the face amount of the policy, by monthly installments during his lifetime and the continuance of his total and permanent disability as hereinafter defined, subject to all the terms and conditions shown below.

"The first monthly installment of Life Income shall be made one year after the anniversary of the policy next suc-

ceeding the receipt of such proof. Such income payments shall not reduce the sum payable in any settlement of the policy. The policy must be returned to the Company annually for endorsement thereon of each year's income payments. Provided that if the insured be insane, or if such disability is due to loss of reason or to any mental disease, no such annual income shall be payable by the company; and

WILL WAIVE PAYMENT OF THE PREMIUM under the policy from year to year so long as the company shall be liable to pay to him a life income for disability, subject to all the terms and conditions shown below."

It is the contention of the defendant that the facts of the case do not entitle the plaintiff to recover under the disability provisions of the policy above quoted.

Issues being joined, the case was tried at the fall term, 1932, of said Court, before his Honor, Judge W. H. Townsend, and a jury, resulting in direction of a verdict for the defendant by the Court pusuant to motion of the defendant. From the judgment entered on the verdict the plaintiff has appealed to this Court. For the purpose of a clear understanding of the facts and issues involved, we quote herewith the ruling of his Honor, the trial Judge, when his Honor directed the verdict for the defendant:

"The Court:

"The question before me is whether or not there is anything now due to the plaintiff under the uncontradicted testimony and the supplementary agreement attached to and forming a part of policy number 33,739 sued upon in this action.

"This supplementary agreement provides that the company will pay the sum of two hundred dollars per annum, being ten per cent of the face amount of the policy, by monthly installments, during his life-time and continuous of his total and permanent disability, as therein defined subject to the terms and conditions shown below. The first monthly installment of income shall be paid one year after the an-

4

niversary of the policy next succeeding the receipt of such proof, and it further provided that the company will waive payment of the premiums under the policy from year to year so long as the company shall be liable to pay the insured a life-income for disability, subject to the terms and conditions shown therein. The waiver of premium shall commence with the anniversary of the policy next succeeding the receipt of such proof.

"The testimony is uncontradicted that the insured is now tatolly incapacitated, or disabled, from earning anything within the meaning of the policy, and has been for several years.

"The proof is that notice of such disability of the insured was not given to the insurance company until February 2nd of the present year, and that, after investigation, the insurance company, being satsfied that such disability existed, endorsed on the policy, on Feburary 25, 1932, a statement that proof had been furnished by the within-named insured that he has become permanently and incurably disabled in accordance with the conditions set forth in the rider attached hereto, the company hereby waives payment of each premium that may became payable hereunder during such disability, as from September 24, 1932, and, in addition to such waiver, will pay to the insured a monthly income of sixteen and sixty-six one hundredths dollars ($16.66), during such disability, the first monthly payment to be made on September 24, 1933, and subsequent payments to be made thereafter subject to the provisions contained in said rider.

"The annual date of the policy next following the giving of the notice and filing of the proof of disability was the 24th day of September, 1932, it being now the 5th day of October, 1932. This action was commenced by the service of a summons and complaint in April, 1932, and of an amended summons and complaint in May, 1932.

"The giving of the notice of the existence of disability and the furnishing of proof thereof to the insurance company was, under the contract, a condition precedent, both to the payment of the monthly installments of life-income referred to in the rider attached to the policy and of the waiver of the payment of future premiums during the existence of the disability. This construction was placed upon a somewhat similar policy in the case of *Parker v. Jefferson Standard Life Insurance Company,* 158 S. C., 394, 155 S. E., 617, and for the reasons stated by the Court in that case there was no sum due on the policy to the plaintiff when this action was instituted. For the same reason, the plaintiff is not entitled to recover premiums paid by him to the defendant company on the policy in question prior to February, 1932, when notice of disability was given to the company, and the recovery of such premiums is further forbidden by the principle that such payments were voluntarily made by the insured.

"While the insured did not remember, or know, the provisions of the rider attached to the policy at the time he made such payments of premium, they were made in the ordinary course of business, upon the demand of the insurance company or notice that they were due, and the insurance company had no notice or knowledge at the time they received such payments of the existence of the disability which would relieve liability for payment.

"The payment was not made under any mutual mistake. They were made by the plaintiff, perhaps under a mistake as to his obligation to make them; but the company receiving them had no notice whatever of the existence of the disability which would relieve the liability to pay them, and received them in the ordinary course of business, believing them to be due under the conditions of the policy, and, under my construction of the policy, they continued to become due until September 24, 1932, which accrued after the commencement of this action. The premium for 1932 being

the first payment of which is waived under the conditions stated in the rider.

"The action, therefore, cannot be maintained by the plaintiff for the recovery of the premiums heretofore paid to the insurance company, and as there was no monthly payment due to the plaintiff at the time of the commencement of this action, the jury is directed to find a verdict in favor of the defendant.".

As stated, the plaintiff has appealed from this ruling, and error is imputed to his Honor in regard thereto.

The principal question raised by the appeal, as stated by attorneys for the respondent, "is as to whether or not an insured or his beneficiary who failed to give notice of total disability is entitled to collect premiums paid voluntarily during such disability and to collect such disability under the terms of the policy when no notice of such disability has been given to the company."

As appears from the ruling (above quoted) of the trial Judge, his Honor held, in accord with the respondent's contention, that "the giving of notice of the existence of disability and the furnishing of proof thereof to the insurance company was, under the contract, a condition precedent, both to the payment of the monthly installments of life income referred to in the rider attached to the policy and to the waiver of the payment of future premiums during the existence of the disability." In support of this ruling our attention is called to the recent case of *Parker v. Jefferson Standard Life Insurance Company,* 158 S. C., 394, 155 S. E., 617. This case is cited as authority for the position that no amount was due to the plaintiff under the policy in question at the time of the commencement of the action. This Court adhears to the principle recognized and stated in *Parker v. Jefferson Standard Life Insurance Company; supra;* but, in our opinion, the facts in the case at bar take it out of this rule. In *Parker v. Jefferson Standard Life Insurance Company,* no question was presented as to the insured not

being able to give notice and furnish proof to the insurance company of the disability of the insured; whereas that question is raised, and properly so, in the case at bar. We agree with the position of the appellant that the failure to give notice and furnish proof to the insurance company of the disability contemplated by the provision in the policy may be excused when it is impossible for the insured to give such notice and furnish such proof. Whether such condition existed in the case at bar was a question for the jury, for there was some testimony offered by the insured from which such inference might reasonably be drawn. We shall not discuss or state the testimony bearing on this question, for the reason that the case will have to be remanded for a new trial and we desire intimating an opinion as to the value or weight of such testimony. In support of the views we have expressed herein regarding an insured being excused from giving the notice and furnishing the proof referred to, we call attention to the case of *Levan v. Metropolitan Life Insurance Company,* 138 S. C., 254, 136 S. E., 304, and authorities cited therein. In the opinion in that case the writer of the same discusses the question at length, and we think that case is controlling in the case at bar. As to the position of respondent, that the wife of the insured (who is named in the policy as beneficiary in case of the death of the insured) was the agent for the insured during his disability and that she should have given the required notice. and proof of such disability, we deem it sufficient to state that that question was, also, one for the jury under the testimony and circumstances of the case.

We express no opinion as to the other questions raised in the case.

For the reasons expressed, the judgment of the lower Court is reversed, and the case remanded for a new trial.

MR. CHIEF JUSTICE BLEASE and MR. JUSTICE STABLER concur.

Mr. Justice Bonham (dissenting) : I dissent. I think this case is ruled by the opinion in *Parker v. Insurance Company,* 158 S. C., 394, 155 S. E., 617.