13716

BLACK v. JEFFERSON STANDARD LIFE INS. CO.

(171 S. E., 617)

*Messrs. Hart & Moss,* for appellant,

*Messrs. McDow & Hildebrand,* for respondent,

November 14, 1933.

The opinion of the Court was delivered by MR. W. C. COTHRAN, ACTING ASSOCIATE JUSTICE.

On February 13, 1929, the plaintiff-respondent herein was struck by a falling tree, his left leg was broken in two places below the knee, and he claims total disability under the terms of a policy of insurance which he held in the defendant-appellant insurance company. The premiums on his policy were paid in quarterly payments, and were not in arrears at the time of the accident.

The plaintiff was a farmer, and, in addition to his farming operations, he conducted a sawmill, a cane mill, and other operations not directly connected with cultivation of the soil. On December 23, 1930, he wrote the following letter to the defendant: "York, S. C., Dec. 23rd, '30. "Jefferson Standard L. Ins. Co. Charlotte, N. C.

"Gentlemen: Feb. 13th last year I had a compound fracture of both bones below knee and as I was totally disabled for quite a time I am writing to ask you just what benefit I get from my policy No. 206,233 in your Co.

"Yours truly,
"NORMAN S. BLACK."

To this letter the defendant replied, the letter being introduced in evidence as Exhibit C, but, it not appearing in the transcript, we do not know its contents. It was dated about the 2d or 3d of January, 1931. What, if any, correspondence was then had between the parties we do not know, but formal claim for disability benefits was filed with the defendant on February 4, 1931.

On April 30, 1931, suit was brought, demanding the sum of $766.66, this amount, as alleged in the complaint, being made up of the disability claim of $20.00 per month from the date of the accident; all premiums paid since that date and interest on the premium payments. The answer denied the allegations of the complaint, and set out certain extracts from the policy as defenses to the suit.

The cause was tried before Hon. M. M. Mann, Circuit Judge, and a jury, at York on November 9, 1932, and resulted in a verdict for the plaintiff. The Circuit Judge instructed the jury that, if they found for the plaintiff, they might merely say so, and he would make the necessary calculation as to the amount of the verdict. This was satisfactory to all parties. The jury found for the plaintiff, and the Circuit Judge made his calculation that the plaintiff was entitled to $20.00 per month from January 1, 1931, when the letter above quoted was received by the defendant, together with refund of premiums from that date and interest at 7 per cent. Upon this finding judgment was entered for the sum of $655.23, and from the judgment so entered this appeal is taken.

From the brief of the defendant we adopt the four questions upon which this appeal is based, as follows: (1) Error in refusing to direct a verdict for the defendant; (2) error in allowing a recovery from December 23, 1930, although due proofs of disability were not filed until February 4, 1931; (3) error in allowing a recovery from December 23, 1930, to the date of the trial, which was November 9, 1932; (4) error in ruling as follows: "If at any time, ability

to earn a livelihood should return, the Insurance Company had the right, under that contract, to investigate, and to come into Court with this Petition and ask that the apparent disability be removed, and for the Insured again to pay his premiums."

It is hardly necessary to set forth in full the proven facts in the case relative to the disability of the plaintiff. Suffice it to say that the proof showed the plaintiff to be a trained farmer, accustomed to plow, hoe cotton, and do other labor incident to his farming operations before the accident which resulted in his broken leg, and that since the accident he has not been able to perform his accustomed duties in substantially his usual manner. The defendant introduced no evidence, and the above testimony was sufficient to go to the jury under the authority of the following cases: *McCutchen v. Insurance Co.*, 153 S. C., 401, 151 S. E., 67; *Taylor v. Insurance Co.*, 106 S. C., 359, 91 S. E., 326, L. R. A., 1917-C, 910; *Berry v. Insurance Co.*, 120 S. C., 328, 113 S. E., 141; *Brown v. Insurance Co.*, 136 S. C., 90, 134 S. E., 224; *Gresham v. Insurance Co.*, 159 S. C., 326, 156 S. E., 878.

The cases of *Durant v. Insurance Co.*, 166 S. C., 367, 164 S. E., 881, and *Hickman v. Insurance Co.*, 166 S. C., 316, 164 S. E., 878, are not in conflict with the other cases above cited, as a careful reading of those cases will readily disclose.

The first ground of appeal is therefore overruled.

The order of the Circuit Judge allowed a recovery of monthly payments from January 1, 1931, and not from December 23, 1930, as alleged in the grounds of appeal, but we do not think that these few days can seriously affect the ruling. The real question is as to whether the letter of December 23d can be considered due proof of disability as provided in the policy.

The letter, at most, was but a request for information. The policy provides for the payment of benefits only upon receipt of due proof of the disability. It has been said that

proof is "the perfection of evidence," and it cannot be soundly held that a letter seeking information meets the requirement of the policy that due proof of the disability be furnished.

Just when the blanks for due proof of the disability were received the record does not show. It was some time after the letter of January 2d or 3d was received. The record shows that the forms for due proof were sent after they were requested by the plaintiff. It would therefore appear that the letter of December 23d was not considered as due proof by either plaintiff or defendant, as forms for such proof were later requested and furnished.

In the case of *Parker v. Insurance Co.*, 158 S. C., 394, 155 S. E., 617, it has been definitely held that the disability payments cannot be rightly claimed prior to the filing of due proofs of disability. In the case of *Garner v. Insurance Co.* (S. C.), 171 S. E., 370, filed October 23, 1933, the rule in the *Parker case* was followed, with the exception that inability to file the necessary proofs might be excused under the rule expressed in *Levan v. Insurance Co.*, 138 S. C., 254, 136 S. E., 304. In the case now before us, there is no effort made to show that the insured's failure to file due proofs of his disability for some twenty months could be excused on the ground of physical or mental disability or any other cause. The rule in the *Parker case* is therefore applicable to this case, and the claim for monthly disability payments should begin from the filing of due proof of disability, to wit, February 4, 1931.

It appears that the last premium payment, made on January 29, 1931, was made before filing of the due proof of disability and cannot be recovered. Recovery may be had for premiums paid after February 4, 1931, if any.

The same error as to date of recovery, as allowed by the Circuit Judge, pointed out in the second ground of appeal, appears in the third ground, but it is not

fatal to the exception. The real question is, Was the Circuit Judge in error in allowing a recovery from the date of filing the suit to the date of trial?

To sustain the position taken by the Circuit Judge, the respondent relies upon the case of *Puckett v. Smith*, 5 Strob., 26, 53 Am. Dec., 686. The doctrine announced in that case has been sustained in the later case of *Southern Railway Co. v. Gossett*, 79 S. C., 372, 60 S. E., 956, to the effect that, where the damage is continuous, a Court of equity may assess the damage up to the time of the trial. This is a perfectly reasonable rule in equity, and contemplates a final determination of the controversy between the parties by the decree. One reason for the rule is that another suit, one for the recovery of damages from the commencement of the suit to the date of the decree, will be avoided. We know of no similar rule applicable to law cases, especially where the judgment does not terminate the final rights of the parties. Even with a recovery of the monthly benefits up to the time of the trial being allowed, it is natural to suppose that the plaintiff will make further claims which, if refused, will necessitate one or more new suits, and "that multiplicity of actions which the law so much abhors" will become a necessity.

Then, again, the policy provides that, if the insured should fail to furnish due proof (of his continued total disability), or if he should recover (regain his health), then the monthly payments should cease and the payment of premiums should be resumed. This provision of the policy was before the Court, and shows that the disability, although seemingly and presumably permanent, might be removed. It might have been removed at some time between the commencement of the action and the date of the trial. By the complaint the defendant was called upon to defend the action as it then existed, and could, with propriety, have objected to any testimony touching the disability of the plaintiff or his physical condition after the action was begun.

This was not a liquidated demand, one which the Circuit Judge could say was fixed and would continue during any given time, whether up to the date of the trial or during the entire life of the insured. The development of medical and surgical science in the past few years has been such that many persons afflicted with apparent total disability have been restored to normal health. The provision in the policy was to permit the insurance company to avail itself of any benefit which might be derived from this provision should the circumstances of the individual case permit. We are therefore convinced that the recovery of disability payments should have been limited to that period of time between February 4, 1931, when the proofs of disability were filed, to April 30, 1931, when the action was commenced. The following extract from the case of *Young v. Peoples Bank,* 163 S. C. at page 69, 161 S. E., 324, 328, is applicable: "Appellants' position is strongly supported by the authorities. It has been a generally recognized rule, receiving application in many cases, that the plaintiff must stand or fall by the condition of affairs existing at the time of the commencement of the action."

The respondent's brief insists that the ruling of the Circuit Judge should be sustained upon the ground that it was tantamount to an amendment of the complaint and cites authorities on the subject of amendments. The brief also contains the following extract, the italics being supplied: "The appellant in its brief (folio 35) points out, *and correctly so,* that the plaintiff by his complaint demanded judgment for a definite and specific sum and nowhere in the complaint does it appear that the plaintiff was seeking any other recovery than up to the date of the commencement of the action, and that the plaintiff failed to amend his complaint or in any way alter the position taken in the complaint by the plaintiff even after defendant's counsel stated its position that no recovery could be had after the commencement of the action. *Admitting all of this*

*to be true,* we think that the ruling of the trial Court that recovery could be had down to the date of the trial was in effect and for all intents and purposes an amendment of plaintiff's complaint."

By this admission it is clear that the attorneys for both plaintiff and defendant recognized the scope of the complaint as demanding a recovery only up to the filing of the complaint. What occurred *after* the filing of the complaint could not be set up as an amendment to the complaint, but would necessitate the filing of a supplemental complaint.

The case of *Francis Marion Hotel v. Chicco,* 131 S. C., 344, 127 S. E., 436, 437, cites the authorities on this subject, and was later approved in the cases of *Young v. Peoples Bank,* 163 S. C., 57, 161 S. E., 324, and *Penning v. Reid,* 167 S. C., 263, 166 S. E., 139. Cited in the *Chicco case* is *Moon v. Johnson,* 14 S. C., 434, in which the following is stated with approval: "Facts accruing after suit brought cannot be inserted under any circumstances in the original complaint by way of amendment."

It is therefore quite evident that the ruling of the Circuit Judge cannot be sustained as an amendment to the original complaint, and that his ruling in permitting a recovery up to the date of the trial was erroneous.

The sustaining of this exception does not render necessary the reversal of the judgment and ordering a new trial. The result is a modification of the judgment as rendered, as this Court has power to do under authority of the case of *Crosby v. Insurance Co.,* 167 S. C., 255, 166 S. E., 266.

The remaining question to be considered is the correctness of the ruling of the Circuit Judge, as above set out under the fourth ground of appeal.

It does not appear that this ruling was ever communicated to the jury, but was delivered by the Circuit Judge to the attorneys during the absence of the jury from the courtroom. But, even so, the Circuit Judge was giving his con-

struction of a portion of the policy which was not in issue in the present case in any manner whatsoever. What he said to the attorneys was neither applicable nor prejudicial to either side in the determination of this particular case. Should a similar ruling be hereafter presented in an appeal where it may be applicable, this Court will pass upon it, but, the ruling not being properly before this Court, no expression of opinion is vouchsafed as to its correctness.

The judgment of this Court is that the judgment of the Circuit Court be modified, as herein expressed, and in all other respects it be affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.