13767

LEWIS v. WOODMEN OF THE WORLD

(172 S. E., 702)

Before WHALEY, J., County Court, Richland, December, 1932.

*Messrs. Melton & Belser,* for appellant,

*Messrs. C. T. Graydon* and *W. M. Easterling,* for respondent,

February 5, 1934.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The following facts appear from the record on appeal: In February, 1920, the defendant association issued to the plaintiff, one of its members, a combined benefit certificate in the maximum sum of $1,000.00; the insured being given the option, under certain conditions, of surrendering his certificate for cancellation and receiving in settlement thereof the sum of $500.00 as permanent total disability benefits.

Lewis kept his insurance in force until May 1, 1928, when it lapsed for nonpayment of premiums. In October, 1932, more than four years thereafter, he filed with the association an application for total disability benefits, and upon its refusal to pay the claim, he brought this action alleging that he had become totally and permanently disabled while his insurance was of force, and that due and timely notice of his disability had been given to the insurer. The defendant admitted that it had issued the certificate, but denied all liability thereunder.

The case was tried before the Honorable M. S. Whaley, Judge of the Richland County Court, and a jury, in May, 1933. The defendant moved for a nonsuit and for a directed verdict upon the grounds (1) that the admitted failure of plaintiff to file his claim while the certificate was in force operated as a bar to recovery; and (2) that there was no evidence tending to sustain the claim of total and permanent disability. The Court overruled the motions, and from judgment entered on a verdict for plaintiff, the defendant appeals.

The main question raised by the exceptions is whether the trial Court was in error in refusing to direct a verdict on the first ground stated.

A reading of the certificate discloses that it contains only an alternative or conditional agreement to pay disability benefits. It provides, in the first place, for the payment of $1,000.00 to the beneficiary named therein upon the death of the insured, "or the society will pay * * * permanent total disability benefits, under age 60. * * *" It also

provides that "This Certificate is issued and accepted subject to all the conditions set forth herein and the provisions of the Constitution and Laws in relation to membership on the second and third pages hereof"; and that "the articles of incorporation and the Constitution and Laws of the Society, and all amendments to each thereof which may be made hereafter, the application for membership and medical examination, signed by the applicant, herein named as member, as approved by the Sovereign Physician of this Society, and this certificate shall constitute the agreement between this Society and the member."

With respect to the benefits here sued for, the certificate contains the following provisions: "13. *Total Disability.* If such member, while younger than sixty years of age, and while the certificate is in full force and effect, has suffered bodily injury, through external, violent or accidental means, or by disease, and shall furnish satisfactory proof to the Society that he is and will be permanently, totally, continuously and wholly prevented thereby for life from pursuing any and all gainful occupations or performing any work for compensation of value * * * he may have the option of surrendering this certificate for cancellation and receiving in settlement thereof, less any indebtedness due to the Society, one-half of the face amount of his certificate as a permanent total disability benefit, payable in one sum, or the value of such sum payable in ten equal installments, or in the way of a life annuity, or in paidup insurance."

The language of the constitution of 1927, conceded to be applicable here, was as follows: "Sec. 61. (c) Any member whose certificate so provides, and who, while younger than 60 years of age, and while the certificate is in full force and effect, has suffered bodily injury, through external violent or accidental means or by disease, and shall furnish satisfactory proof to the Association that he is and will be permanently, totally, continuously and wholly prevented thereby for life from pursuing any and all gainful occupations

or performing any work for compensation of value * * * he may have the option of surrendering his certificate for cancellation and receiving in settlement thereof, less any indebtedness due to the Association, one-half of the face amount of his certificate as a permanent total disability benefit, provided he makes such application prior to becoming 60 years of age or within sixty days after attaining age 60."

The constitution of 1931, in force at the time the application was made, contained the following: "Sec. 61. (c) Any member whose certificate so provides, and who, while younger than sixty years of age, and while the certificate is in full force and effect, shall furnish satisfactory proof to the Secretary of the Association at the home office of the Association that he has suffered bodily injury, through external violent and accidental means or by disease, and that he is and will be permanently, totally, continuously and wholly prevented thereby for life from pursuing any and all gainful occupations or performing any work for compensation of value * * * may have the option of surrendering his certificate for cancellation and receiving in settlement thereof, less any indebtedness due to the Association, one-half of the face amount of his certificate as a permanent total disability benefit, provided he makes such application prior to becoming sixty years of age or within sixty days after attaining age sixty."

It will be observed that under the provisions of the contract, in order for a member to be entitled to the benefits which the plaintiff seeks to recover, he must become totally and permanently disabled, by reason of disease or accident, "while younger than sixty years of age, and while the certificate is in full force and effect." When these conditions are present, such member may exercise the option, if he so elect, of surrendering his certificate for cancellation and of receiving in settlement thereof one-half of the face amount of the policy. The troublesome question presented, however,

is what interpretation should be given to the clause contained in Section 61 (c) of the constitution of 1927, namely "provided he makes such application prior to becoming 60 years of age or within sixty days after attaining age 60." The trial Judge construed this language to mean that any member entitled to such benefits could file his application therefor at any time "prior to becoming 60 years of age or within sixty days after attaining age 60," despite the fact that he had permitted his policy to lapse prior to making such application. The court reasoned that the association, realizing that Paragraph 13 of the certificate did not contain a limitation as to time for the filing of the application, put it in Section 61 (c) of the constitution, "which, of course, modified the contract." The Judge then illustrates his view of the matter in this wise: "Take him (the member) at 58, then if the contention is that that policy lapsed when he was 58 and three months old, he would no longer be able to make a claim unless within that period, while he was 58 years and three months, and while the policy was in force, he should have asserted his claim. Well, if he had already been forced by his contract to assert a claim, what good would be the provision that he could assert it at any time prior to 60, taking that phase of it. In other words, under that construction of it he would already have had to assert it and make his option if he wanted to get his total disability benefits, otherwise he would not get it."

We do not agree with the conclusion reached by the trial Judge. When the perttinent provisions of the contract are considered together, the appellant's position must be sustained. See *Parker v. Insurance Company,* 158 S. C., 394, 155 S. E., 617; *Reynolds v. Stockman,* 109 S. C., 112, 95 S. E., 341, and *Breedin v. Smith,* 126 S. C., 346, 120 S. E., 64. The contractual plan of the parties is plain. As we have indicated, the contract provides for the payment of benefits in the alternative. Under certain conditions, the member may exercise the option of surrendering his cer-

tificate and of receiving the disability benefits in full settlement thereof; or he may retain and keep the certificate in force for the full amount to be paid as a death benefit. It is clear that, if he fails to exercise the option while the policy is in force, he cannot do so after it has lapsed for the reason that he would then be unable to comply with the condition or requirement of surrendering it for cancellation.

Nor do we think that the provision contained in Section 61 (c) of the constitution, upon which the trial Judge rested his conclusion was intended to, or does, modify or remove, in any way, the requirements that the suffering of the disability must occur and the filing of proof thereof be made while the certificate is in full force and effect. In the absence of this limitation of time for the filing of an application, the member could exercise the option of claiming the disability benefits at any time, and at any age, while the policy is in effect. Its presence in the contract, however, prevents this being done beyond the age limit fixed. We think, therefore, and so hold, that this provision was merely intended to meet a case where a member might keep his certificate in force until he becomes, say 61 years of age or more, and then claim disability benefits by reason of the fact that he had become permanently and totally disabled previous to attaining the age of 60. Under this view all the pertinent provisions of the contract are preserved and harmonized, and the plain intention of the parties effectuated.

When, however, the member has filed his application for such benefits and surrendered his certifictae for cancellation, a different situation is presented. In such case he does not have to continue to pay assessments or premiums to keep the certificate alive in order to recover the benefits to which he was entitled at the time the application was made. *Ingle v. Sovereign Camp, Woodmen of the World* (S. C.), 171 S. E., 857.

The conclusion reached makes it unnecessary to consider the other questions presented by the appeal.

The judgment of the Court below is reversed, and the case remanded, with instructions that judgment be entered up for the defendant under Rule 27 of this Court.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM concur.