14080

HARDIN v. SOUTHEASTERN LIFE INS. CO.

(180 S. E., 210)

338

*Messrs. Royall & Wright,* for appellant,

*Messrs. Willcox, Hardee & Wallace,* for respondent,

June 5, 1935.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

The facts out of which this action arose, conceded or undisputed, are as follows: On August 12, 1927, the defendant company issued to the City of Florence its policy of insurance covering certain of the city's employees, a certificate, subject to the terms and conditions of the policy, being given to each employee insured thereunder. The contract provided, among other things, for the payment, under the conditions named, of total and permanent disability benefits, and for the immediate cancellation of the insurance of any employee upon the termination of his employment. Under this policy, a certificate in the sum of $2,000.00 was issued on the life of one Earl Hardin, who at the time was in the employment of the city as a policeman; his wife, the plaintiff, being designated as the beneficiary.

The City discharged the insured on May 1, 1932, and thereupon notified the defendant of its action and requested the cancellation of the insurance. The company complied with the request, giving the City credit for the unearned

portion of the premium. On October 18, 1932, Hardin died, and this action was then brought by the beneficiary to compel payment of the full amount named in the certificate. The complaint alleged: "That according to the terms and conditions of said policy the same was in full force and effect at the time of the death of the insured, who, at that time and for a long period previous thereto, had been permanently and totally disabled. According to the terms and conditions of said policy payment of any and all premiums applicable to the insurance provided by the policy were waived and that said policy was in full force and effect at the time of the death of plaintiff's husband. That on account of the insured's physical and mental condition the insured was excused from having filed formal notice of his disability, if none was actually on file with the defendant company."

The defendant denied by its answer that anything was owing the plaintiff; and alleged, by way of affirmative defense, that Hardin's insurance, under the terms of the contract, had terminated upon his discharge by the City of Florence, May 1, 1932, and had been canceled by the company. It also alleged that "no proof that the insured was wholly and permanently disabled, as contemplated by said contract, was ever received by the defendant while such contract was in force and effect or has been received." The several provisions of the policy were pleaded as a bar to plaintiff's recovery.

On trial of the case, the defendant duly moved for a nonsuit on the following grounds: (1) That all liability under the contract had terminated when Hardin was discharged and his insurance canceled at the request of the City of Florence, his employer; (2) that it was a condition precedent to the waiver of any premium by the company that due proof of disability should be given, and that testimony showed that this condition was not complied with by the insured; (3) that the evidence did not show total and permanent disability on the part of the insured up to the date

of the cancellation of the policy, and there was no testimony which would warrant the Court in excusing the failure of Hardin to file proof of claim of such disability, if any existed.

The Court granted the motion, and later refused the plaintiff's request for a new trial.

The first question raised by the exceptions, as stated by the appellant, is whether the trial Judge was in error in not holding that there "was ample testimony from which an inference might reasonably be drawn that it was impossible for the insured to give notice and furnish proof of disability on account of his physical condition."

We quote here the provisions of the policy in regard to disability benefits, which is substantially the same as that contained in the certificate of insurance: "On receipt by the Insurer at its Home Office of satisfactory proof that any Employee insured hereunder has become wholly and premanently disabled by accidental injury or disease, before attaining the age of sixty years, so that he is and will be permanently, continuously and wholly prevented thereby from performing any work for compensation or profit, the Insurer will waive the payment of each premium applicable to the insurance on the life of such disabled Employee that may become payable thereafter under this policy during such disability, and, in addition to such waiver, will pay to such Employee during such disability, in full settlement of all obligations hereunder pertaining to such employee, and in lieu of the payment of insurance as herein provided, a series of annual instalments in accordance with any one of the following options to be designated by the disabled Employee." (Then follows a statement of the options.)

While so alleged in the complaint, it is our understanding of appellant's position that it is not now contended that the insured was mentally incapable of giving the notice and furnishing the proof required, in order to obtain the benefit of waiver of premiums; and we

apprehend that any such contention could not be sustained under the evidence in the case. It appears that he was nervous, impatient, and irritable at times, but it is not reasonably inferable from the testimony that he was insane or so mentally deficient that he could not transact the ordinary affairs of life. In fact, the evidence shows that he did so up to a short time before his death, which occurred October 18, 1932.

Nor is there any testimony from which it could be reasonably inferred that Hardin was unable to give notice and furnish proof of disability on account of his physicial condition. The Court has examined the record with care, and is unable to agree with appellant that the testimony required the submission of that question to the jury. It is true that at the time of his discharge, and perhaps for some months before, the insured was not a well man; and certainly when Dr. Mead examined him on October 4, 1932, he found him to be a very ill man. The doctor so testified; and while he could not swear that the disease, diabetes, with which the insured was afflicted, was present five months before the time he made the examination, he gave it as his professional opinion that the diabetic condition had existed for perhaps a year or more. There was also testimony which tended to show that Hardin, for some time prior to May 1, 1932, the date of his discharge, had not rendered satisfactory service as a policeman; that he seemed to have lost interest in his work, and was not energetic or aggressive, due doubtless to his physical condition. However, it was not disputed that he was on the streets of the city daily, and as a matter of fact, between the date of his discharge and that of his death, sought to obtain work as a policeman elsewhere. We think the trial Judge was entirely correct in the conclusion reached by him. See, generally, *Parker v. Insurance Company,* 158 S. C., 394, 155 S. E., 617; *Black v. Insurance Company,* 171 S. C., 123, 171 S. E., 617; *Lewis v. W. O. W.,* 172 S. C., 31, 172 S. E., 702.

The second question presented is whether the trial Court committed error in not holding that the provision of the policy and of the certificate of insurance, with respect to the giving of notice and the filing of proof, was impossible of performance.

As we have already pointed out, the master policy provided that the insurance thereunder of any employee would end with the termination of his employment. The certificate issued to Hardin required the filing of proof of disability "during the continuance of this certificate under the aforementioned policy of insurance." From this the appellant argues that an employee would be discharged if he became permanently disabled, within the meaning of the policy; and that the termination of his employment would bring to an end at the same time his rights under the policy, and that it would be impossible, therefore, to file proof of loss while the contract was in force.

We are not in agreement with this contention. Under the decisions of this Court, the term "total disability," as used in contracts of insurance such as the one before us, has been defined as inability on the part of the insured to do substantially all of the material acts necessary to the prosecution of his business or occupation, in substantially his customary and usual manner. *Davis v. Insurance Company*, 164 S. C., 444, 162 S. E., 429, and cases cited. From the testimony in the case at bar, it is reasonably inferable that, if the insured was totally and permanently disabled at the time of his discharge, as appellant contends, he was in such condition for some months prior thereto. The argument of counsel, therefore, that the city would immediately discharge an employee upon the fact appearing that he was totally disabled, is not only "an unnatural assumption." as held by the Court below, but is entirely unwarranted under the testimony in the case. The appellant's proposition is also based upon the theory that an employee could not file a valid claim for permanent disability benefits while on the

payroll of the city. This view, however, is not sustained by our decisions. *Caldwell v. Insurance Company,* 170 S. C., 294, 170 S. E., 349; *Dukes v. Insurance Company,* 172 S. C., 502, 174 S. E., 463.

In his order overruling the motion for a new trial, Judge Sharkey held that the insured was entitled, under the existing circumstances, to a reasonable time following the termination of his employment in which to file due proof of his then existing disability, but that he had failed to exercise this right. Counsel for the respondent took no exception to this construction of the policy, but apparently concede that it is correct. The appellant contends that the Court committed error as the question of reasonable time, under the testimony, was one of fact for the jury. We think, however, that the conclusion reached by the trial Judge was correct. Hardin's employment, as we have stated, terminated on May 1st, his certificate was canceled, and the unearned premium returned to the city. More than five months thereafter he died, but he never gave any notice to the company or filed with it any proof of disability. Under the contract of insurance, he was required to do this in order to obtain the benefit of waiver of the payment of premiums. We hold that this provision is not an unreasonable one, and was not, under the undisputed evidence in the case, impossible of performance by the insured.

There being nothing to submit to the jury, the motion for a nonsuit was properly granted.

The judgment of the Court below is affirmed.

MESSRS. JUSTICES CARTER, BONHAM, BAKER, and FISHBURNE concur.