## 9484

### HALL v. LEMMOND *ET AL.*

(89 S. E. 545.)

ATTACHMENT—AFFIDAVITS—FILING—SUCCESSIVE WARRANTS.—Under Code Civ. Proc. 1912, sec. 281, requiring affidavits in writ of attachment to be filed at the time of issuance of the warrant of attachment, or within 48 hours thereafter, new affidavits do not have to be filed on successive warrants being issued; none but the last being served.

Before MOORE, J., York, November, 1915. Affirmed.

Action by W. L. Hall against W. T. Lemmond and another. From an order refusing to dissolve an attachment, defendants appeal.

*Mr. J. Harry Foster,* for appellants.

*Messrs. Spencer, Spencer & White,* for respondent.

July 31, 1916.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

Certain personal property of W. T. Lemmond was attached and a motion was made before Judge Moore to dissolve the attachment, which motion was refused, and this appeal is from his order, refusing to dissolve the attachment.

The first exception claims that his Honor was in error in not dissolving the warrant of attachment on the ground that the affidavits were not filed at the time of the issuing of the attachment, nor within 48 hours thereafter, as provided by section 281 of the Code of Procedure, Code of Laws.

The evidence in the case shows that the summons, complaint, affidavit, and bond were filed with J. A. Tate, Esq., clerk of the Court of York county, on June 2, 1915, and were never withdrawn from that office. At the time of the filing a warrant of attachment was issued, but not executed; this warrant of attachment was withdrawn, and on September 1, 1915, a new warrant of attachment was issued. This warrant was never executed, but withdrawn. On October 6, 1915, a new warrant was issued, which was executed on November 26, 1915. Here we have three warrants of attachment issued on the same complaint, affidavit, and bond, which were filed with the clerk of Court on June 2, 1915.

When the case was properly started and all the necessary papers were once filed properly in the proper office, then any number of warrants of attachment could be issued on the case. A number of duplicate warrants could .be issued, directed to the sheriffs of the various counties of the State. When the papers necessary to warrant the issuing of the warrant of attachment were once properly filed and remained on file, then that was the basis upon which the warrant was issued, and the Code does not contemplate that new affidavits shall be filed every time a warrant of attachment is issued, but when once properly filed any number of attachments can issue therefrom, and until a levy is made under the warrant of attachment it is unnecessary that a return thereon and a filing of the same should be made.

The plaintiff, when he procured the first warrant of attachment, complied with all of the provisions of the law, and all of these papers remained in the clerk's office, and the only thing he did after that was to obtain other or additional orders of attachment based upon the same proceedings which were on file all the time. The motive intended by the provisions of the law is to insure to the defendant in attachment the right to inspect the affidavits on which the warrant of attachment was issued by their being on file in the clerk's office. If defendant had gone to the clerk's office when his property was attached, what would he have learned? That the papers were properly filed therein on June 2, 1915, and that under these papers three warrants of attachments had been issued identical in substance, the only difference being in dates, and that the last of which only had been served and executed. There was a substantial compliance with the law; the plaintiff only committed the irregularity of thinking that he had to have a new warrant of attachment when the officers failed to attach any property under the warrants issued and issued new warrants from time to time until a levy could be made.

The plaintiff never did withdraw the proceedings from the clerk's office; only withdrew the warrant issued thereunder, and the practical effect each time was to obtain a duplicate warrant, and, therefore, his Honor should have held that the record disclosed that the filing on the affidavits on June .2, 1915, constituted a proper filing as contemplated by the Code requiring affidavits in writ of attachment to be filed at the time of the issuance of the warrant of attachment or within 48 hours thereafter. He should have refused the motion to dissolve for this reason. Inasmuch as we see no error in refusing to dissolve the attachment by his Honor, the Circuit Judge, for reasons herein stated, it is unnecessary to consider the other exceptions.

Judgment affirmed.