13769

STRICKLIN v. HODGEN

(172 S. E., 770)

Before WHALEY, J., County Court, Richland, May, 1933.

*Mr. William L. Cain,* for appellant,

*Mr. N. A. Theodore,* for respondent,

February 8, 1934.

The opinion of the Court was. delivered by MR. CHIEF JUSTICE BLEASE.

The appeal in this case is from an order of his Honor, Judge Whaley, of the Richland County Court, refusing to vacate and set aside a warrant of attachment.

The suit against the nonresident defendant was on an account. While the summons and complaint, the bond to procure the attachment, and the warrant of attachment were all dated May 31, 1933, the affidavit, upon which the warrant of attachment was based, was made on February 22, 1932.

The return of the sheriff showed that he attached, or attempted to attach, on May 31, 1933, certain "money" of the defendant, in the hands of Western Union Telegraph Company, which had been placed with that company on that day by the firm of Thomas, Lumpkin & Cain, attorneys of the City of Columbia, to be transmitted by telegraph to the defendant. The sheriff did not procure the money, being advised by an agent of the telegraph company that the money deposited with it had already been wired to the defendant to a place in Florida. The record does not show anything to dispute the fact that the money had been transferred by telegraph beyond the limits of this State before the attachment papers were served on the telegraph company.

The defendant, appearing specially, moved to set aside the attachment on eleven grounds and, with the exception of one or two of these, in his appeal, he has urged in this Court the same grounds for the reversal of the order adverse to him.

It is our opinion that two of the grounds should have been sustained, and, for that reason, it becomes unnecessary to consider any of the exceptions, except those relating to the two which we shall pass upon.

The first is as to the sufficiency of the affidavit, made by the plaintiff on February 22, 1932, that he had a cause of action against the defendant, a nonresident of the State, to

sustain a warrant of attachment, issued May 31, 1933, fifteen months after the affidavit had been made.

We are not unmindful of the decisions of this Court in the cases of *Creagh v. Delane,* 1 Nott & McC. (10 S. C. L.), 189; *Turnipseed v. Freeman,* 2 McC. (13 S. C. L.), 269, and *Hall v. Lemmond,* 105 S. C., 154, 89 S. E., 545, which have given effect to affidavits sworn to before the issuance of the warrants of attachments. These decisions, however, commencing with the *Creagh case,* appear to have rested on the consideration advanced in that case that a party, if absent from the place where the attachment is issued, might sometimes be deprived of the benefit of the Attachment Act (Code 1932, § 527 *et seq.*), if the affidavit is required to be made at the very time of procuring the issuance of the warrant. So, in the *Creagh case,* an affidavit made on October 24, 1814, was recognized as a proper affidavit in the cause, though the warrant was·not issued until October 29th.

In the *Turnipseed case,* where an affidavit that an original grant had been lost or destroyed, or was beyond the power of the plaintiff to produce, was sworn to on August 9, 1820, when the case was first ready for trial, for the purpose of being used in the trial, but the affidavit was not offered until the spring term of the Court in 1822, when the case was really called for trial, the Court there cited with approval the mentioned holding in the *Creagh case.* It was said that the affidavit required in that class of cases, as well as affidavits in attachment proceedings, "must be regarded as efficient, at the time they are offered, although sworn to before."

In the *Hall case,* the affidavit, together with the summons, complaint, and attachment bond, was filed in the office of the Clerk of Court on June 2, 1915. At the time of filing, the warrant was issued, but not executed, and it was subsequently withdrawn. Again, on September 1, 1915, a warrant of attachment was issued, which, not having been exe-

cuted, was withdrawn. On October 6, 1915, a new warrant was issued, and executed on November 26, 1915. All three warrants were issued on the same complaint, affidavit, and bond, formerly filed in the office of the clerk. For this Court, Mr. Justice Watts commented that there was a substantial compliance with the law in respect to the affidavit, since the plaintiff only committed the irregularity of thinking that he had to have a new warrant when there had been a failure to attach any property under the warrants previously issued, and that he had to keep on issuing new warrants until a levy could be made.

We find in none of the cited cases, however, any repudiation of the well-recognized principle, stated in the authorities on attachment, that "an unreasonable time should not be allowed to elapse between the making of the affidavit and the issuing of the writ." 2 R. C. L., 839. Says Mr. Shinn, in his work on Attachments, § 128:

"The incipient steps in the attachment should be made as nearly contemporaneous as conveniently may be, so that suspicion be not thrown upon the plaintiff's case. There should not be such delay as to afford a presumption that the facts stated in the affidavit have ceased to exist. * * * It need not be made at the precise time, but may be made a reasonable time before issuing the writ."

The propriety of a rule that the affidavit be made contemporaneously with the issuing of the warrant of attachment, or at a reasonable time previous thereto, according to the circumstances of the case, seems hardly open to serious question. If there is to be no restriction as to the date the affidavit is offered, is not the requirement that there must be an affidavit practically destroyed? It might be presumed properly, as in the *Creagh case*, that a condition which existed on October 24th would continue to exist until the 29th of the same month, a period of only five days. But in this case, there is nothing to justify or explain the long delay of fifteen months. We think it would be an unwarranted ex-

tension of the doctrine recognized and applied in our earlier cases for us to say that the affidavit in this case, made so long before the issuance of the warrant, met the requirements of the law. The effect would be almost to say that a statement, not sworn to, was sufficient upon which to base the issuance of a warrant of attachment, for an affidavit, true in all respects at the time it was made, might not have any basis of truth in it at the time of its offering many months after the time of its making.

For another reason, the attempted attachment must ■ fail. The decision of this Court in *Reaves v. Western Union Telegraph Company,* 110 S. C., 233, 96 S. E., 295, 297, which, apparently, was overlooked by the trial Judge and all the attorneys, for it has not been cited in argument, seems to our minds to be controlling. In that case, telegraph companies were not only recognized as being common carriers for the transmission of intelligence for hire, but as common carriers for the transmission of money for hire. Mr. Justice Hydrick, for this Court, said:

"While the transmission of intelligence is not the transmission of money, yet, in effect, it may amount to the same thing. Strictly speaking, nothing is actually transmitted over the wires, but by the use of them as a medium of communicating intelligence the same result may be accomplished as if the money were sent, and so we speak of it as sending money by telegraph."

The conclusion is irresistible that funds of the defendant, in the hands of his attorneys in Richland County, which the attachment sought to reach, had been forwarded by telegraphic transmission beyond the limits of this State, to a point in Florida, before the attempted execution of the attachment warrant. The money of the defendant, conceding it to be his, and the record apparently so shows, was payable to him in Florida, and, in effect, under the law, was in that state at the time of the attempted levy.

The judgment of this Court is that the order, appealed from, be, and the same is hereby, reversed, and the attachment is vacated.

MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.