### 13734

### INGLE v. SOVEREIGN CAMP, W. O. W.

(171 S. E., 857)

*Messrs. H,odges & Hodges* for appellant,

*Messrs. D. Meade Feild* and *Lewis G. Prince* for respondent,

December 9, 1933.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

In February, 1923, the defendant association issued to the plaintiff, one of its members, a combined benefit certificate in the maximum sum of $1,000. This certificate provides, among other things, that the association "will pay to the member a temporary disability benefit after five years' continuous membership," and that the certificate "is issued and accepted to all * * * the provisions of the constitution, laws and by-laws of the association. * * *" The by-laws provide that every member shall pay one monthly installment of assessment each month and also such dues as may be required by the laws of his camp; and that "if he fails to make any such payments on or before the last day of the month he shall thereby become suspended," and his certificate shall be void. One of the conditions named in Section 74 of the by-laws for the granting of the temporary disability benefit provided for in the certificate is the payment by the member of all dues and assessments "up to the time of the approval" by the association of his application for such benefit.

On June 14, 1932, the plaintiff applied to the association for the benefit named in the sum of $56.33, but his application was rejected by the defendant for the reason, as stated by it, that there was insufficient proof of disability. The insured then failed to pay his July assessment and for that reason became suspended on August 1st. In December he brought this action in the Magistrate's Court, asking judgment for $100.00. He alleged that he became totally disabled from disease in September, 1931, and continued so until about the middle of August, 1932. The defendant pleaded that plaintiff had become suspended on the first day of August for nonpayment of his monthly assessments for July, and that he was not entitled after suspension to recover of defendant anything whatsoever. The magistrate found as a fact that the insured was disabled as alleged and that at the time he made his application for the benefit he was in good standing as a member of the association, and

gave judgment in his favor for $100.00. On appeal to the County Court of Greenville, Judge Ansel concurred in the magistrate's finding of fact as to plaintiff's disability, but reduced the amount of the verdict to $56.23 and gave judgment accordingly. The defendant excepts to the Court's order and brings error.

The appeal presents but one question, was plaintiff entitled to maintain an action for disability benefit under his certificate in December, 1932?

The position of the appellant seems to be that, when a member of the association applies for the benefit provided for, nothing more can be done about it, although he may be entitled thereto, until the association approves his application; and that under Section 74 of the by-laws, the member is required to keep up the payment of his dues and assessments until such approval is given; that if he fails to do so, his certificate becomes void, and thereafter he can claim no benefits thereunder.

It is clear that the construction contended for by the appellant places it in the power of the association to defeat the payment of any disability benefit allowed under the certificate, by withholding indefinitely, right or wrong, its approval of the application of a member for such benefit. It is doubtless true that many members of the association, paying for such insurance, are dependent upon their daily or weekly earnings to meet the monthly assessments. It is manifest, therefore, that when such a member becomes unable, by reason of disease or accident, to perform his usual duties or work, as admittedly was the case here, he cannot pay the dues required. In such circumstances, his course undoubtedly would be to apply for the disability benefit, if entitled thereto, and surrender his certificate for cancellation as required. If appellant's contention were sustained, however, the association in such case, by withholding its approval of the application, might easily rid itself of such member without payment of anything whatsoever. It seems

to us, therefore, that, if the provisions of the constitution and by-laws relied on by the appellant must be construed as contended for by it, they are violative of all fairness and good conscience, if not against public policy. If the insured is not reasonably protected by the insurance for which he pays, then such insurance fails of its purpose.

We conclude that a recovery was properly allowed in the case at bar. As we have stated, it is conceded that at the time the plaintiff applied for the disability benefit, he was in good standing as a member of the association. The appellant, although it refused to approve his application on the ground that there was an insufficient proof of disability, is bound by the concurrent findings of fact by the magistrate and the Judge of the County Court, that such disability at the time did exist. We think therefore, under this state of facts, that a cause of action arose in plaintiff's favor in June, 1932, and that he did not have to continue to pay assessments in order to recover any disability benefit to which he was entitled under the certificate at the time the application was filed. The action here brought was for an adjudication of his rights accruing prior to August 1, 1932, the date of his suspension, and not thereafter.

The order appealed from is affirmed.

Mr. Chief Justice Blease and Messrs. Justices Carter and Bonham and Mr. Acting Associate Justice W. C. Cothran concur.