13996

FORTUNE v. SOVEREIGN CAMP W. O. W.

(178 S. E., 872)

*Messrs. Hodges & Hodges,* for appellant,

*Mr. Ben A. Bolt,* for respondent,

February 6, 1935.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

We gather from the record before us that the defendant association, about December, 1920, issued to the plaintiff,

one of its members, a combined beneficiary certificate in the maximum sum of $1,000.00; the insured being given the option under certain conditions, of surrendering his policy for cancellation and receiving in settlement thereof, as permanent total disability benefits, the sum of $500.00.

The plaintiff alleges that in February, 1930, while under the age of sixty, he became totally and permanently disabled; and that in September, 1932, he made application for the benefits named, furnished proof of his disability, and surrendered his certificate for cancellation, but that the defendant denied liability and refused to make payment as requested. The society, by its answer, admitted that it had issued the certificate, but alleged that the plaintiff became suspended on October 1, 1932, for the nonpayment of his September dues, and that at the time he made application for the benefits claimed, his certificate was not of force.

On trial of the case, the defendant's motion for a directed verdict was overruled, and the jury found for the plaintiff the amount sued for. A motion for a new trial was also refused by Judge Ramage, who held that there was some evidence of waiver of the forfeiture by the sovereign camp which required the submission of the case to the jury, and also held that the verdict could be sustained upon the following additional ground: "That the evidence showed that the plaintiff has been totally and permanently disabled for several years, certainly since February 3, 1930, and under the terms of the policy he was only required to pay the premium of $2.36 on or before the last day of each month and for the remainder of the certificate year in which death or disability occurs, and the evidence showed that the premiums were paid and accepted by the defendant up to and including August, 1932."

The defendant's appeal presents three questions: (1) Did the presiding Judge commit error in refusing the motion for a directed verdict? (2) Was there

error in admitting evidence of the custom of the local camp in accepting dues? (3) Was there error in sustaining the verdict on the additional ground that the policy had matured under its terms?

The defendant's motion for a directed verdict was made on the following grounds: (1) That the testimony showed that the sovereign camp tendered back the September dues paid by Fortune while suspended; (2) that the beneficiary certificate was null and void; and (3) that there is no waiver under the contract of insurance.

The constitution and by-laws of the society provide that: "Every member of this Association shall pay to the Financial Secretary of his Camp one annual assessment each year or one monthly installment of assessment each month, as required by these laws or by the provisions of his beneficiary certificate, which shall be credited to and known as the Sovereign Camp Fund"; and that "if he fails to make any such payments on or before the last day of the month he shall thereby become suspended, his beneficiary certificate shall be void, the contract between such person and the Association shall thereby completely terminate, and all moneys paid on account of such membership shall be retained by the Association as his liquidated proportionate part of the cost of doing business and the cost of the protection furnished on the life of said member from the delivery of his certificate to the date of his suspension."

It is undisputed that the insured, during the latter part of September, wrote a letter to the association asking that he be sent proper blanks for making application, under the provisions of his certificate, for total and permanent disability benefits; and that on October 6th the defendant sent him the blanks requested, the president of the society writing him at the time that, in order for a member to receive such benefits, he must continue the prompt payment of all monthly installments of the annual assessment. It appears also that the plaintiff thereafter, on October 12th, paid

to Suttles, the clerk of the local camp, his September dues, which Suttles accepted and forwarded to the association. These dues were received by the defendant on October 18th, but were returned by it to Suttles on October 24th, with instruction that he tender them back to the plaintiff. This Suttles did, but Fortune refused to accept the refunding check. The plaintiff testified that he sent his claim to the company "toward the last" of October; and, while it is not made clear, it is inferable that he sent along with it his certificate.

Suttles, as a witness in the case, stated that for the last five or six years the local camp had not been meeting except twice a year to elect officers, and consequently he had been going, as its clerk, to the homes or busines places of the members to collect their dues; that he usually collected plaintiff's assessments, as well as the dues of other members, the last of the month, but if he did not get them then, as he sometimes did not, he would collect them later, at any time up to the 15th of the following month. He also stated, and receipts given by him to Fortune for payment of dues were introduced in evidence and tended to show, that plaintiff's April installment was not paid until May 12th, the May installment until June 22nd, the July installment until August 12th, and the September installment until October 12th. He further testified that the Sovereign Camp had made no complaint when the dues of the plaintiff, or of other members, were not paid in time, and that as a matter of fact this is the only case, in his experience, that the association turned down and refused payment of an assessment by the member after the last of the month for which it was owing.

Under the constitution and by-laws, the clerk of the local camp was required, on or before the 5th day of every month, to remit all funds of the Sovereign Camp in his hands to the secretary of the association; and, accompanying such remittances, to make a detailed statement of the standing of the members of the camp for the information of the asso-

ciation, upon blanks furnished for that purpose. There is no testimony that he did not perform his duties in this respect. On the contrary, it may be reasonably inferred from his testimony that he did so. Furthermore, as supporting this conclusion, a letter was written the plaintiff on July 25, 1932, by the president of the Sovereign Camp, in which he called the insured's attention to the fact that no remittance had been made on his account in the report of the clerk of the local camp covering the May installment of the insured for the year 1932. It can hardly be doubted, from a reading of the testimony, that the defendant knew the custom that was being practiced by the clerk of the local camp, as testified to by him, in the collection of the dues of its members, including the insured, and that the defendant, with knowledge of what was being done, approved it by accepting the dues so collected. We think the question of waiver, under the evidence, was properly submitted to the jury.

The respondent takes the position that when he wrote the association, in September, 1932, requesting that it send him blanks to be used in making application for disability benefits, he thereby put the defendant on notice that he was asserting such right under his policy, which brought him within the rule laid down in *Ingle v. W. O. W.*, 171 S. C., 193, 171 S. E., 857. We do not agree with this contention. The evidence does not disclose that, at the time the letter was written, the insured surrendered his certificate to the association for cancellation. If this were shown to be true, a different question might be presented. But, as he did not do so, it can hardly be said that he is entitled to the benefit of the rule announced in the *Ingle case*.

As to the second question: We think this assignment of error is without merit. The testimony objected to tended to show that the Sovereign Camp had knowledge of the custom and practice of the local camp in the collection of dues of its members, including the insured in this case, and was admissible on the question of waiver.

As to the third question : Under the holdings of the Court in *Ingle v. W. O. W., supra,* and *Lewis v. W. O. W.,* 172 S. C., 31, 172 S. E., 702, the construction placed by the trial Judge on this provision of the beneficiary certificate cannot be sustained.

The judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES CARTER and BONHAM, and MESSRS. ACTING ASSOCIATE JUSTICES G. DEWEY OXNER and A. L. GASTON concur.